*198
By the Court:

Monell J.
The only question which it was proper for the justice at the Special Term to examine upon the motion made there, and which also is the only question which we can look at on this appeal, was, whether the court had power to enforce the mandate of a subpoena duees teeum, by requiring the production in court of the specified books.
The defendant placed his refusal upon several grounds, nearly all of which related to the competency of the evidence. Such objections could not be considered until the evidence was produced, and as all the preliminary proceedings for the examination of the party were properly taken, the sole question was, whether the command of the writ should be obeyed.
I do not understand that it is claimed that, since the enactment of laws authorizing a party to an action to be examined as a witness at the instance of an adverse party, there is any difference or distinction between parties to the action and other witnesses, either in respect to the manner of bringing the witnesses into court or of their examination when there. The very explicit, language of the Code (sec. 390) forbids any such claim. It is, that such examination shall be subject to the same rules of examination as of any other witness.
It is, however, insisted that upon an examination of a party before trial, the court cannot compel Him to produce his books, on the ground that, inasmuch as such examination is to be conducted in all respects like the conditional examination of an ordinary witness under the provisions of the Revised Statutes, that statute does not confer the requisite power.
The question is, therefore, unembarrassed by any of the several provisions of law in respect to the production before trial, or the inspection of books and papers in actions at law, or by any of the principles of equity relating to bills of discovery.
The only authority to compel the attendance of a party to an action to be examined at the instance of an adverse party, is found in section 392 of the Code, which provides that he may *199 be compelled to attend “ in the same manner as a witness who is to be examined conditionally.”
If, therefore, the court can compel any witness upon a conditional examination to produce books or papers, it follows that the authority may be asserted over parties.
The tenth section of the act in relation to taking conditionally the testimony of witnesses, provides that the officer granting the order may compel the attendance of the witness, “ by issuing a summons for that purpose,” and enforcing the same in the manner prescribed (2 R. S., 393).
The forty-seventh section of the same title (p. 401) provides, that if a witness so summoned shall fail to attend, or, attending, shall, without reasonable cause, “ refuse to be examined or to answer amy legal andpertinent question” he may be committed to the common jail, etc.
There is no doubt, I think, that a “summons” issued by the officer is the only process which can be used upon conditional examinations to bring a witness before the officer. The general power which is vested in courts to issue process of subposna requiring the attendance of a witness (2 R. S., 276, sec. 1) has no application to a conditional examination, so far as relates to the mode of securing his attenda/nce.
It will therefore be seen that a summons in one case, or a subpoena ad testificandum in another, is and can only be used to secure the attendance of a witness. Its functions and powers then cease. To secure any thing more than mere attendance something besides a summons or subpoena must be used, namely, a subpoena duces tecum.
Mr. Phillipps, in his Treatise on Evidence, says (1 Phil. Ev., 3): “ This writ of subpoena duces tecum, as well as the other writ of subpoena ad testificandum, is compulsory upon the witness. And though it will be a question for the consideration of the judge at the trial whether in any particular case the actual production of writings should be enforced, yet the witness ought always to have them ready to be produced, if required, in obedience to the judicial mandate. From the earliest times our courts of law, *200 in order to give effect to their proceedings, have resorted to these compulsory measures for the production of evidence—measures obviously essential to the existence and constitution of courts of justice.”
The propriety of this writ was considered by Lord Ellen-borough in Amey v. Long (9 East, 473), where the obligation to obey writs of that description is fully recognized. •
I am not aware of any statute giving to- or regulating the power of the court in respect to this writ. The power to issue it is not derived from any statute, but is assumed as one of the general or incidental powers necessary to the administration of justice (Bull v. Loveland, 10 Pick., 9, 14), the general statute, as we have seen, not authorizing the issuing of any such writ.
It cannot therefore be doubted that, upon a trial in a court of justice, the compulsory writ of subpoena duces tecum may be issued under the general powers of the court, and its obedience enforced.
In like manner, and under the same authority, the writ may be issued at any time. All the reasons which have sustained the exercise of the power at one time apply with equal force to its exercise at any other needed or appropriate time; and therefore, if it can be issued at the trial, it can also be issued before the trial, upon taking conditionally the testimony of any witness.
And although, to secure the attendance of a witness for such examination, a summons and not a subpoena is the proper process, as in other cases a subpoena would be, yet for the purpose of obtaining proferí of books and papers a subpoena dacces tecum must in all cases be issued.
My conclusion is, that upon taking conditionally the testimony of a witness, he may be required by a subpoena duces tecum to produce any books or papers specified in the writ.
And this applies as well to parties to the action as to any other witness.
The decisions' uniformly, with, I think, a single exception, sustain this view (Bonesteel v. Lynde, 8 How. Pr. R., 226, affirmed *201 by General Term, id., 352; People v. Dyckman, 24 id., 222; Lefferts v. Brampton, id., 257, 262, 263; Morrison v. Sturgis, 26 id., 174,179 ; Lane v. Cole, 12 Barb., 680; Brett v. Bucknam, 32 id., 655; Garighe v. Losche, 6 Abb., 284; Jarvis v. Clerk, 12 N. Y. Legal Obs., 129; Mitchell’s case, 12 Abb., 249, 262).
The only adverse decision was at Special Term (Trotter v. Latson, 7 How. Pr. R., 261), which has since been overruled by the same court in General Term (Brett v. Bucknam, supra).
Disobedience to the mandate of such a writ can be punished as for a contempt, and any party aggrieved may also have an action for damages (Note 5, Cow. & Hill Notes, vol. 3, p. 11).
The affidavit upon which the application for the examination was founded was sufficient and contained all that is required in Green v. Herder (30 How. Pr. R., 210).
There was no error, therefore, in adjudging the defendants' guilty of a contempt, and ordering an attachment therefor to issue.
The order should be affirmed, with costs.