By the Court.—Monell, J.
The referee was probably premature in deciding that the production of *30 the books at the trial, would not entitle the plaintiff to inspect them. The proper course would have been, to have compelled the production of the books, and then to have determined as to their competency as evidence.
I took occasion in Central National Bank v. Arthur, 2 Sweeny, 194, to fully examine the question of the power of the court (and the referee now has the same power as the court), to compel, by subpoena .duces tecum, the production by a party of his books or papers, and the conclusion in that case was that the. court had the power. Upon their production, the referee would have been in a position to decide upon their competency, and Ms decision could have been reviewed only on appeal.
The form or order in which the referee met the question, however, is not material, and he may have been entirely right in the decision he made as to the incompetency of the evidence ; but I think the ground upon which he placed his decision was erroneous. The books of a tradesman are always competent evidence against himself, but that does not make it proper to always admit them in evidence. They may be excluded where it'does not appear that they bear any relation to the subject of the controversy. But if they do, arid contain admissions or other evidence against the party, they are certainly competent. Therefore, the referee was, I think, in error in supposing that the only use of the defendants’ books, in this action, would be to assist the witness in giving his testimony.
But I think they should have been produced in obedience to the subpoena, and, when produced, it would have been time enough to have decided upon their competency. Had this view of Ms powers been taken by the referee, the motion which resulted in the order appealed from, would have been unnecessary. *31 And we, think the party should .again go before the referee with this enunciation of the views of the court.
But there is a fatal objection to the order itself.
The object sought for was, to obtain evidence of sales'made by the defendants to the plaintiff and others named in the order. There was no allegation that the evidence could not be obtained from other sources. In- ’ deed it is quite clear that it could have been. The • plaintiff knew of and could testify as to the sales to himself ; and the other persons named were competent as witnesses to testify, as to the sales to themselves. It is indispensable that the petitioner, upon these applications, should show that this discovery is needed ; and it cannot be, if there are other means of obtaining it (Pegram v. Carson, 10 Abb. Pr. 340, 346).
The order should be reversed, with costs.