## FRANCIS ET AL. vs. GARRARD.

1. Where a monied compensation is allowed in lieu of dower in the land, the decree should not be for one third the net rents and profits annually during the life of the widow, but for one third of such rents and profits from the time the bill was filed, by way of damages, and for the annual interest thereafter on one third of the value of the premises, at the time of their alienation.

ERROR to the Chancery Court of Lauderdale. Tried before the Hon. D. G. Ligon.

DILLAHUNTY, for the plaintiffs in error:

The case of Beavers & Jemison v. Smith, 11 Ala. 20, decides that when an assignment cannot be made of a portion of the premises, the interest of one third part of the value thereof, at the time of the alienation, is a just criterion, by which to measure the rights of the dowress, and in the same case, on page 31, the court say in reference to this rule that " it is fair and just to both parties, and in any series of years would be found to be as often above as below the actual net profits." The same rule was applied by Chancellor Kent, in the case of Hale v. James, 6 J. C. R., 258, and in both cases, the reason of the rule is stated to be that " the wife cannot recover against the feoffee more than he could recover in value against the heir." In the case at bar, it is seen that the defendant (complainant below,) has recovered more than the amount that the feoffee could recover against the heir of William W. Garrard. But even if I have mistaken the law as determined by the cases above cited, and this court should decide that the defendant is entitled to one third, in value of the rent of the premises, still the court below erred, as it is perfectly clear that the proper time to ascertain the value or extent of her interest is the time of alienation by the husband, and not two years afterwards as was ordered by the chancellor. On this point, see the cases above cited, and the case of Barney v. Frowner & Wife, 9 Ala. 907, from the middle to the bottom of the page.

ORMOND, for the defendant:

1. One third of the rent should be decreed to the dowress du-

ring her life, and such I understand to be the rule of this court.—Johnson v. Elliott, 12 Ala. 112. So at common law the widow was dowable of the third toll-dish of a mill.—Coke's Litt. 32, and Thomas' Coke, 671. This is the true rule and is never departed from but from actual necessity.

In the case of Beavers & Jemison, 11 Ala. 20, where the property sold was a mill, in a dilapidated condition, and was torn down by the purchaser and a costly structure erected in its stead, it was impossible to endow the widow of the profits of the old mill, or to ascertain what they were, and the court was therefore obliged to adopt the next best criterion of the value —the interest of the value of the old mill at the time of the sale by the husband.

2. There is no necessity in this case for departing from the common law rule, as the value of the rent of the old house can be ascertained, and it is only from necessity the ancient rule is departed from, and the rent is more certain and more valuable to the widow than interest on the purchase money. This is peculiarly the case in our country where rent has no certain relation to the cost of the property.

CHILTON, J.—This was a bill in chancery by Mrs. Garrard to recover dower in a lot, with the improvements thereon, situate in the town of Florence, of which her husband, Wm. W. Garrard, was seized during coverture, but of which he had been dispossessed by sale under a mortgage executed by him in favor of the Branch of the Bank of the State of Alabama at Huntsville. The case made by the record clearly shows her entitled to dower, but as it could not be allotted by metes and bounds, it was correctly determined that she should have a monied compensation in lieu of such specific allotment. The basis, or manner of ascertaining the quantum of compensation, is the question for our consideration. The chancellor decreed that she was entitled for life to one third the value of the real estate at the time of alienation by the husband, to wit, when the same was sold under the mortgage or trust deed, and that one third the annual value of the rent of the premises, to be ascertained without regard to the improvements made since the husband sold, should be assessed by the Register from the time the bill was filed as her damages. He then adds, "this sum must

be paid annually on the first of January, as other rents fall due, and if payment be delayed, interest at the legal rate from the time the rent was due, must be allowed and paid; that a sum equal to one third the taxes assessed on the value of the property at the time of alienation must be deducted annually, which allowance so decreed when ascertained by the master, should be a lien upon the property, unless its payment be secured by the bond of the defendant, Francis, with good security, renewable at the pleasure of the court."

The Register was then directed, first, to ascertain the value of the premises at the time of the husband's alienation, and was instructed that the amount at which the same was sold was not conclusive upon him as to the value. Secondly, that he ascertain and report the value of said premises by way of rent, without considering the improvements put upon the lot since the sale, for the years 1849 and 1850, calculating interest on the rent for 1849 from the first of January 1850, one third of which sums he should set apart as compensation to the complainant. The Register reported the value of the premises at the time of alienation at the sum of one thousand dollars; the value of rent for the years 1849 and 1850 at one hundred and seventy-five dollars each, one third of which, being fifty-eight dollars and thirty-three and one third cents, less the annual tax, is decreed to be paid the widow on the first of January in each year for her dower, during life, after decreeing her one third the rents for the years 1849 and 1850.

It appears that the chancellor has taken the one third of the value of the annual rent for the years 1849 and 1850, respectively, as the amount to be annually paid, less the taxes. The rule laid down in the case of Jemison & Beavers v. Smith, 11 Ala. 20, is, that where an assignment of dower cannot be made of a portion of the premises, the interest on one third the value of the premises at the time of alienation by the husband is a just criterion, and the court may provide for the annual payment of such interest, by a lien on the land, or some other eligible mode. This case has been considered ever since as settling the rule as applicable to such cases. Johnson v. Elliott, 12 Ala. 112, is supposed to countenance a different rule, but in that case the question was neither discussed, nor decided by the court. The decree was held erroneous because it directed a sale of the en-

Francis et al. v. Garrard.

tire estate conveyed by the husband for the satisfaction of the sum, ascertained by the master to have been the value of the dower interest, and the court refer to the case of Beavers & Jemison v. Smith, as an authority to show that the annual value of the dower interest, and not a sum in gross, should be decreed to the complainant. They do not, however, decide how that dower interest shall be ascertained.

At the common law, when the widow could not be endowed in the land itself by the assignment of a portion of it, she was dowable in a special manner, according to the nature of the thing to which the right attached. If of a mill, the third toll-dish, or a third part of the profits—the third part of the profits of a dove cote, of a mine, a park, &c. But we think, when she seeks compensation in equity in lieu of an assignment out of the land, which she may do when such assignment is impracticable, as it is impossible for the court to ascertain what the future profits will be, depending, as they necessarily must, upon fortuitous circumstances and the fluctuation in prices, it is clearly wrong to say the alienee shall pay a certain sum in gross, estimated in advance as one third of the yearly rents or profits, during the life of the widow. There is no means of ascertaining the value of future profits, and if the widow is to be endowed of such, the court must necessarily have the same annually ascertained, and do complete justice to all the parties by making the widow's dower interest contribute a just proportion toward keeping the premises in repair. It is manifest, however, that great inconvenience would result from this practice, which would impose continuous and often arduous duties upon the court during the whole life of the dowress, in the annual ascertainment of her portion of the profits, and that it would be attended with much cost to parties; whereas the rule adopted in Beavers & Jemison v. Smith commends itself for its simplicity and convenience, and in the main will be found to be as just as any that can be adopted. The widow then is entitled to the use of one third the value of the premises at the time of her husband's alienation, during her natural life. In other words, to the interest on that sum to be paid to her annually, to be properly secured to her. She is also entitled, by way of damages, to one third the rents of the premises, to be estimated without considering the improvements made by the alienee, from

the time the bill was filed, which will be decreed her as an or-dinary monied demand.—See Springle's Heirs, &c. v. Shields & Pauling, 17 Ala., 295, and cases there cited.

Let the decree be reversed and the cause remanded.