## Lane *vs.* Cole.

If a witness, upon whom a subpœna *duces tecum* is served, neglects, without good excuse, to obey the subpœna by producing upon the trial the books or papers specified in the *duces tecum* clause of the writ, he is liable to the aggrieved party for all damages sustained in consequence of such neglect; although the witness in other respects obeys the writ by personally appearing and giving evidence in the cause. Gray, J. dissented.

It is not necessary—in order to sustain such action—for the aggrieved party to prove that he had a good cause of action in the suit wherein the witness was subpœnaed. It is sufficient for the plaintiff to prove that he was nonsuited, in consequence of the non-production of the book designated in the subpœna. Gray, J. dissented.

This action was brought to recover damages against the defendant for neglecting to obey a process of subpœna *duces*

Lane *v.* Cole.

*tecum,* issued in behalf of the plaintiff and served on the defendant as a witness in a certain action which at the time was pending in this court in favor of the said plaintiff against one Amasa Carpenter, for slander. The subpœna commanded the defendant in this suit to bring with him, to be introduced as evidence on the trial, in behalf of the said plaintiff, the docket of the said Ira Cole, containing the proceedings of a certain cause tried before him as a justice of the peace, wherein the said Amasa Carpenter was plaintiff, and one Abram Wade, jun. defendant, together with all the papers, proceedings and other things in any way appertaining to the said cause. The proof clearly established the due and legal service of said subpœna on the defendant; that he attended the circuit as such witness on the trial of said slander suit; and that he was sworn and examined as a witness in behalf of the plaintiff therein. But it turned out on his examination that he had left his docket book at home, and therefore could not produce it as evidence on the trial of said action; by reason of which non-production of said docket, the plaintiff was nonsuited upon said trial. It also appeared in proof that the amount of costs paid by the plaintiff to the defendant, on the judgment of nonsuit in said slander suit, was $57,48; also, that he paid more than twenty dollars to his own witnesses, for their fees, and for other legal disbursements in this action. The jury rendered a verdict in favor of the plaintiff for $72,50, damages, which the defendant now asked the court to set aside, and to grant him a new trial.

CRIPPEN, J. I have carefully examined this case, and am satisfied that the rulings of the learned justice upon the trial were entirely legal and proper. The main point upon which the defendant's counsel seemed to rely, upon the argument was, that the plaintiff was not entitled to recover in this action unless he established by proof a good cause of action in the slander suit wherein the defendant was a witness for the plaintiff. I cannot agree to the correctness of this proposition. The provision of our statute is that every person who shall be duly subpœnaed to attend as a witness any court of this state, shall be bound to

attend according to the command of such subpœna, and for every failure so to attend, without reasonable excuse, shall be guilty of contempt of the court, out of which such subpœna is issued, and shall be responsible in the proper action to the aggrieved party for the loss and hinderance sustained by such failure, and for all other damages sustained thereby. (2 *R. S.* 497, § 53, 3*d ed.*) It is the duty of the witness, when duly subpœnaed, to obey the subpœna. If he neglects to do so, he is responsible to the aggrieved party for all damages sustained thereby, unless a reasonable excuse is shown for such neglect. (*Courtney* v. *Baker,* 3 *Denio,* 27. 1 *Starkie's Ev.* 79. 1 *Phil. Ev.* 7.)

Our statute is in affirmance of the common law remedy in such cases. The party sustaining damages by the failure or neglect of a witness to obey a subpœna, could sustain an action on the case, at common law, to recover such damages of the defaulting witness. (*Hasbrouck* v. *Baker,* 10 *John.* 248. *Parsons* v. *Isles,* 2 *Douglass,* 501.)

The proof in this case is, that the defendant personally appeared, and was sworn as a witness in the action, on the part of the plaintiff. So far he obeyed the subpœna; but no sufficient excuse is made to appear for the omission to produce the docket book and papers specifically referred to and designated in the *duces tecum* clause of said process of subpœna. The law provides that when an instrument is in the hands of a third person, the production can be compelled by means of a writ of subpœna *duces tecum.* The question then arises whether the defendant is liable in this action for disobeying the *duces tecum* clause of the process of subpœna, having in other respects obeyed the writ by his personal appearance and giving evidence in the action. The case of *Amy* v. *Long,* (1 *Camp. N. P. Rep.* 14,) is directly in point upon this question. The plaintiff in that case brought an action against the defendant for not producing a paper under a subpœna *duces tecum.* The plaintiff Amy, having obtained judgment against one Glover, sued out a testatum fieri facias to levy the sum recovered, directed to the sheriff of Surrey: the writ was returned *nulla bona,* and Amy brought an action against the sheriff, for a false return. The warrant from

Lane *v.* Cole.

the sheriff to levy on Glover's goods had been directed to Long, a sheriff's officer. To compel the production of the warrant, at the trial, against the sheriff, the plaintiff sued out a subpœna *duces tecum*, directed to Long, commanding him to produce the said warrant granted to him by the sheriff of Surrey, upon the writ of fieri facias against Glover. At the trial, the defendant Long appeared as a witness, but would not produce the warrant, and in consequence of this the plaintiff was nonsuited, and was obliged to pay £52 10s. costs, to the other side, with her own costs in the cause,. amounting to £80. Long swore on the trial that he neither had the warrant in his possession nor knew any thing of it. Other proof was given, going to show that the defendant issued such warrant, and that it was improperly withheld on the trial. Lord Ellenborough, before whom the cause was tried,' charged the jury, that the only question to be considered was, whether the defendant had the warrant in his custody with a capacity to produce it. If it was in his power to have done so, and he did not, it was not to be endured that by any contrivance of the defendant, necessary evidence should be withheld, and the purpose of justice defeated. The jury found a verdict for the plaintiff of £132 10s. damages. A motion was made to the king's bench in arrest of judgment, and one ground of that motion was, that the writ commonly called a subpœna *duces tecum*, is not of compulsory obligation in the law. Lord Ellenborough, chief justice, delivered the unanimous opinion of the court, and in conclusion of the opinion uses the following language : " Upon the whole, therefore, as to the general question whether a writ of subpœna *duces tecum* be a writ of compulsory obligation and effect in the law, we are of opinion that it is ; and therefore the judgment ought not to be arrested." (*Amy* v. *Long*, 9 *East*, 472, 485.)

Where an instrument is in the hands of a third person, the production is compelled by means of a writ of *duces tecum*, (1 *Stark. Ev.* 86.) In a note, this author says that " this writ has in fact been used from the time of Charles the second, but so necessary is the power of compelling the production of

Lane *v.* Cole.

documents in the possession of third persons, the means of doing so must have been coeval with the courts of law.

As every man is, in furtherance of justice bound to disclose all the facts within his knowledge, which do not tend to his crimination, upon the very same principle he is also bound to produce such documents as are essential to the discovery of truth and the great ends of justice. (1 *Stark. Ev.* 87.   *Grah. Pr.* 265.)

The proof in this case shows that the defendant was not only a material witness for the plaintiff in the slander suit against Carpenter, but that his docket book was indispensable as evidence in that action. The plaintiff was nonsuited upon the trial on the sole ground of the non-production of said docket. The defendant failed in satisfying the jury that any reasonable excuse existed which absolved him from the obligation of producing said docket book in evidence. This proof entitled the plaintiff to recover his damages in this action, without going further and showing that he had a good cause of action in his slander suit against Carpenter; and indeed such proof, in my opinion, if admissible, was unnecessary to maintain this action. On the whole case, therefore, I am satisfied that the plaintiff was entitled to a verdict, and the amount recovered is quite as favorable to the defendant as could in any view of the case, be justified by the evidence. The judgment must, therefore, be affirmed with costs.

SHANKLAND, J. and MASON, J. concurred.

GRAY, J. dissented.

Judgment affirmed.

[CORTLAND GENERAL TERM, September 14, 1852. *Mason, Shankland, Gray* and *Crippen,* Justices.]