# Wood v. Morgan.

*Bill in Equity for Assignment of Dower and Mesne Profits.*

1. *Assignment of dower, and mesne profits; jurisdiction of equity.*—In the assignment of dower, courts of equity have concurrent jurisdiction with courts of law in all cases, and exclusive jurisdiction to decree compensation in lieu of an assignment by metes and bounds (Rev. Code, § 1640), and to award rents and mesne profits, for the time elapsing between the death of the husband and the assignment of dower.

2. *Same; rule for computing dower and mesne profits.*—When dower is demanded in lands which were aliened by the husband, or which were sold under execution against him, and on which valuable improvements have been erected by the purchaser, the widow is dowable of the value of the lands at the time of the alienation (Rev. Code, § 1641); and the legal interest on one-third thereof, from the death of the husband, must be paid to her annually during her life, and secured, if necessary, by a lien on the land, unless the parties agree on a compensation in gross.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 20th July, 1874, by Mrs. Ellen E. Morgan, the widow of Isaac C. Morgan, deceased, against John A. Wood and Stephen H. Wood; and sought an assignment of dower, or compensation in lieu of dower, in certain lands of which the said Isaac C. Morgan

[Wood v. Morgan.]

was seized and possessed during the coverture, and which were sold under execution against him, the defendants becoming the purchasers. The sale under execution was made on the 1st Monday in May, 1870. The said Isaac C. Morgan died, in said county of Autauga, where he resided, on the 23d July, 1871. The bill alleged, and the defendants in their answers admitted, that they had erected valuable improvements on the land, and that, in consequence of these improvements, an assignment of dower by metes and bounds would be inequitable. There was no controversy about any of the material facts. On final hearing, on pleadings and proof, the chancellor held, that the complainant was entitled to the annual interest on one-third of the value of the lands at the date of the sale under execution, to be computed from the death of the husband; and he ordered a reference to the register, to ascertain and report this value. On the coming in of the register's report, to which exceptions were filed by the defendants, he overruled the exceptions, confirmed the report, and rendered a final decree for the complainant; and his decree is now assigned as error.

W. H. & W. T. NORTHINGTON, for appellants.

G. A. NORTHINGTON, *contra.*

STONE, J.—Courts of equity entertain concurrent jurisdiction with courts of law, in the assignment of dower, in all cases. This jurisdiction is not affected by the statutes conferring jurisdiction on courts of probate.—*Francis v. Garrard*, 18 Ala. 794; *Owen v. Slatter*, 26 Ala. 547; *Brooks v. Woods*, 40 Ala. 538; *Irvine v. Armistead*, 46 Ala. 363. And equity alone has jurisdiction to decree compensation in lieu of an assignment of dower by metes and bounds.—*Burney v. Frowner*, 9 Ala. 901; *Beavers v. Smith*, 11 Ala. 20; *Smith v. Smith*, 13 Ala. 329; *Thrasher v. Pinckard*, 23 Ala. 616; *Irvine v. Armistead, supra.* And so, equity alone can award rents or mesne profits, for the time elapsing between the death of the husband and the assignment of dower.—*Slatter v. Meek*, 35 Ala. 528; *Perrine v. Perrine*, 35 Ala. 644; *Waters v. Williams*, 38 Ala. 680.

"When land, out of which dower is demanded, has been aliened by the husband, and, from improvements made by the alienee, or from any other cause, an assignment of dower by metes and bounds would be unjust, the judge of probate must decline jurisdiction, and application must be made to the court of chancery."—Rev. Code, § 1640.

"In such case, the widow is dowable of the value of the

land at the time of the alienation; the interest on one-third part thereof to be paid to her annually, during her life, and secured, if necessary, by a lien on the land; unless the parties agree to a compensation in gross, which the court must give effect to."—Rev. Code, § 1641.

Under these sections, the question arose in *Ware v. Owens,* 42 Ala. 212, by what standard the allowance to the widow should be measured, for the period between the death of the husband and the assignment of dower? The court ruled, that she was entitled to the same measure of compensation, both before and after the asssignment of dower. In that case, it was fixed at the statutory rate of annual interest on one-third of the value of the land at the time of alienation. And this right of dower attaches, and becomes complete, from the moment of the husband's death.—*Irvine v. Armistead, supra.*

It is contended for appellant, that, inasmuch as the lands in the present case were not in fact aliened by the husband, but were sold and conveyed by the sheriff, the rate of compensation is not governed by section 1641 of the Revised Code, *supra.* It is further contended that, in this case, the dower should have been assigned by metes and bounds. A full answer to the last proposition is, that the bill avers that the execution purchasers had made certain valuable improvements, and that the "dower interest in said lands could not be equitably marked out and set aside [off] by metes and bounds, in consequence of said improvements." The answers repeat this averment, and expressly admit its truth. This, then, is not an issue in the cause; and the chancellor was left without option in the premises. He must render a money decree, or none.

Long before section 1641 of the Revised Code (section 1370 of the Code of 1852) became statute law, this court had substantially adopted the same rule, when, by alienation and improvement of the premises, it had become impossible to asign dower equitably by metes and bounds.—See *Jemison & Beavers v. Smith, supra;* and *Francis v. Garrard, supra.* So that the section of the Code we are considering is rather a legislative recognition of an existing rule, than the enactment of a new one. It is simple and easy of administration; and we think harmony of decision, and the necessity for an intelligible, fixed rule, alike require that we apply it in all cases, where, from any supervening cause, dower can not be assigned by metes and bounds, without manifest injustice. We therefore hold, that the chancellor did not err in adopting that as the rule in this case.

The only remaining question is the exception to the regis-

ter's report, fixing the value of the lands. We are not able to affirm that in this matter he erred. He took about the average of the several valuations given by the witnesses; and, conceding that all were equally intelligent and credible, his finding furnishes no ground for reversal.

The decree of the chancellor is affirmed.