# Sanders *v.* McMillian.

*Bill in Equity for Assignment of Dower Out of the Value of Lands at Time of Alienation.*

1.  *Dower assignable generally by metes and bounds.*—The general rule is that whenever the property in which the widow is entitled to dower is capable of division, dower must be set off by metes and bounds.

2.  *Dower assigned at common law.*—The assignment of dower by the common law is of one-third part of the lands and tenements of which the widow is dowable, to be set off by metes and bounds, where it is practicable, to be held by her for life.

3.  *Same.*—When, however, the property did not admit of the assignment of dower by metes and bounds, either from the nature of the husband's interest in it, or from the quality of the thing itself, an assignment of compensation in lieu of dower was made to yield the widow one-third of the rents and profits received from the entire estate.

5.  *Same; where lands have been aliened.*—Where the land has been aliened, the rule in England is that the widow shall be endowed according to the value of the estate at the death of the husband, regardless of improvements or deterioration.

6.  *Dower interest in this State; how valued.*—The rule of valuation in the assignment of dower in this State, both by statute and judicial decision, is more favorable to the purchaser, and excludes the widow from taking advantage of his improvements upon the estate, while it allows her, generally, to have the benefit of any enhanced value resulting from other causes.

7.  *What not sufficient cause for assigning compensation in lieu of dower.*—Deterioration in value, either from natural causes, or from mere negligence of the purchaser or ·alienee in repairing the property, has never been considered sufficient cause for assigning compensation in lieu of dower, instead of setting the same off by metes and bounds.   ·

8.  *Test whether dower can be assigned by metes and bounds.*—The test whether the assignment of dower by metes and bounds would or would not be unjust within the meaning of the statute, is, considering both the interest of the dowress and of the alienee, whether such assignment would be equal and just to both.

9.  *Sections 1910–11 of Code declaratory of the common law.*—Sections 1910 and 1911 of the Code, being in harmony with the common law, and making no change therein, mere depreciation in value, whether from natural causes, or the act or omission of the alienee, presents no reason for not assigning dower by metes and bounds.

[Sanders v. McMillian.]

APPEAL from Greene Chancery Court.

Heard before the Hon. WM. H. TAYLOE.

This bill was filed December 6, 1890, by Elizabeth A. Sanders, widow of Charles P. Sanders, deceased, against Oscar McWilliams, who was in possession of lands formerly owned by her said deceased husband, and sought to have her dower assigned in relation to said lands under §§ 1910–11 of the Code. The bill alleges that complainant was married to her said husband in 1840, and that they lived together until his death in 1889. That the said Charles P. Sanders was seized in fee during the coverture, of certain lands in Greene county, which he sold to Nathan Cockrell in 1861 for $14,000.00, executing his bond for title to said Cockrell, in which complainant did not join, and that she had not since, in any wise, released her right of dower in such lands, which are now in the possession of the defendant, the said McMillian. Complainant avers that it would be unjust to her to assign her dower by metes and bounds in said aliened lands, and prayed that she be dowable of the value thereof at the time of the alienation, (as provided by §§ 1910–11 of Code of Alabama.) The defendant demurred to the bill on the ground that it failed to show any sufficient reason why dower could not be assigned by metes and bounds, and that it showed on its face that it was without equity, and further moved to expunge from the bill the paragraph relating to the value of the lands at the time of the alienation, and the depreciation in value since that time. The court sustained the motion to expunge, and held that complainant was dowable by metes and bounds, and not otherwise. The complainant declined to amend her bill and takes this appeal, and assigns as error said rulings of the chancellor.

GREENE B. MOBLEY, for appellant.

ED. DE GRAFFENRIED, for appellee, citing 5 Am. & Eng. Ency. Law, pp. 928-9; *Beaver & Jemison v. Smith*, 11 Ala. 20; *Berney v. Frowner*, 9 Ala. 901; *Snodgrass v. Clark*, 44 Ala. 198.

THORINGTON, J.—Appellant filed her bill in the Chancery Court for the assignment of dower in lands of which her husband was seized in fee in his life time, but which were alienated by him to appellee's vendor without appellant's joining in the conveyance, or otherwise relinquishing her dower interest since such conveyance. The bill alleges

10-98

[Sanders v. McMillian.]

that an assignment of dower by metes and bounds would be unjust, and claims that appellant is dowable of the value of the land at the time of the alienation, and that the interest on one-third part of such valuation from the death of her husband shall be paid to her annually during her life and secured by a lien on the land.

The reasons alleged to show that an assignment of dower in the lands by metes and bounds would be unjust, are that the tract of land at the time of its alienation was worth about fourteen thousand dollars, and that its value at the time of the death of appellant's husband was one thousand dollars, that the depreciation in value was caused "largely by the wear and tear of time, and the unskillful cultivation of the soil, coupled with the want of fertilizers, and the failure to keep the houses in repair, all these coupled with the fact that there is a general decline in values in real estate in that locality," and it is further alleged "that if said tract of land had been kept up to the standard of a well regulated farm, and the buildings kept in good repair, then the depreciation in value would not be so great."

The land was aliened by the husband in the year 1861, and the death of the husband occurred in the year 1889.

The general rule is that whenever the property in which the widow is entitled to dower is capable of division, dower must be set off by metes and bounds.—5 Amer. & Eng. Ency. of Law, p. 927; 2 Scribner on Dower, p. 581, § 1; *McClanahen v. Porter,* 10 Mo. 146; *Dunseth v. Bank U. S.,* 6 Ohio 76; Code 1886, §§ 1901, 1910.

The assignment of dower by the common law is of one-third part of the lands and tenements of which the widow is dowable, to be set out by metes and bounds, where it is practicable, to be held by her for life. The endowment is required to be of parcel of the lands and tenements themselves. Dower so assigned is said to have been set out "according to common right."

When, however, the property did not admit of an assignment of dower in severalty, either from the nature of the husband's interests in it, or from the quality of the thing itself, the assignment by metes and bounds was of necessity dispensed with, and an assignment of compensation in lieu of dower was made, or an assignment "against common right," as it is sometimes designated, and this assignment was so made as to yield the widow one-third of the rents and profits received from the entire estate.

It was further the rule of the common law that if the land was held by the heir or devisee the widow was entitled to

have the value of the land estimated at the time dower was assigned, thus giving her the benefit of improvements made by the heir or devisee, and, also, that she would bear a proportion of the loss which may have been incurred by an unavoidable diminution in the value of the lands during the time which intervenes between the death of her husband and the assignment of her dower. If such deterioration was caused by the willful waste of the heir, she was entitled to an action for damages against him, but it did not affect or alter the manner of assignment.—Tiedeman on Real Property, § 135.

With regard to the assignment of dower in alienated estates the rule in England as declared in *Doe ex dem Riddell v. Grinnell*, 12 B. 682, is that the widow shall be endowed according to the value of the estate at the death of the husband, regardless of any improvement or deterioration resulting from the acts of the purchaser.

But in this country the rule in such cases, according to the weight of authority, is more favorable to the purchaser and excludes the widow from taking advantage of his improvements upon the estate, but it allows her generally, though not in all the States, to have the benefit of any rise in value resulting from other causes, the policy of the rule being to avoid discouraging purchasers from making improvements.—*Wisteoll v. Campbell*, 11 R. I. 378; 2 Scribner on Dower, pp. 612–617; Tiedeman on Real Property, § 135.

And that is the rule adopted in this State, both by judicial decisions and by the statute.—*Barney v. Frowner*, 9 Ala. 901; *Beavers v. Smith*, 11 Ala. 20; *Springle v. Shields*, 17 Ala. 295, *Francis v. Garrard*, 18 Ala. 794; *Ware v. Owens*, 42 Ala. 212; *Wood v. Morgan*, 56 Ala. 397; Code, 1886, § 1910.

In this State, before the present statute, when a dilapidated mill upon the land was torn down by a purchaser from the husband, and a new and expensive structure erected in its stead, it was held, that the widow of the grantor was not entitled to any share of the improvements, and that her dower could be estimated with reference to the nature of the premises at the time of the alienation; that the destruction of the old mill afforded a proper case for compensation to the widow by a court of equity instead of an assignment by metes and bounds.—*Beavers v. Smith, supra.*

We have not been able to discover any case, nor has any been cited by counsel, in which deterioration in value either from natural causes or from the mere negligence of the purchaser or alienee in keeping the property in repair has been considered sufficient cause for assigning compensation in

[Sanders v. McMillian.]

lieu of dower, instead of setting the same off by metes and bounds, or in which it is held that the widow is entitled to compensation on account of such deterioration. On the contrary the doctrine of permissive waste seems never to have been introduced into the common law jurisprudence of this country to that extent. It is said by Chancellor Kent that "Whether the land be improved in value or be *impaired by acts of the party* subsequently, the endowment, in every event of that kind, is to be according to the value at the time of the assignment, if the land descended to the heir." And again: "The widow takes the risk of the deterioration of the estate arising from public misfortunes, *or the acts of the party.*"

The foregoing quotations are contained in an elaborate and learned opinion of the Supreme Court of Missouri in the case of *Mc Clannahan v. Porter*, 10 Mo. 746, in which the conclusion is reached that the widow takes her dower according to the value of the land at the time of the assignment, and that although she gains nothing by the improvements of the heir or alienee she suffers loss by his waste or neglect depreciating the value of the property. And in 2 Scribner on Dower, p. 635, it is said: "In the United States the doctrine laid down by Perkins, that the widow has no remedy for waste committed by the alienee during the life time of the husband seems to be generally acquiesced in. But for waste committed after the husband's death she has her remedy.—5 Amer. & Eng. Encyc. of Law, p. 931.

In this State when the dower is incapable of being set off by metes and bounds, or when it would be unjust from improvements made by an alienee, or from any other cause, to assign the dower by that mode, the Chancery Court alone has jurisdiction to make an assignment of compensation in lieu of dower.

And in such case the rule is fixed by statute that the widow is dowable of the value of the land at the time of alienation, the interest on one-third part thereof from the death of the husband to be paid her annually, during her life, and secured, if necessary, by a lien on the land, unless the parties agree to a compensation in gross to which the court must give effect. Code, 1886, §§ 1910, 1911.

The test, however, whether an assignment by metes and bounds would, or not, be unjust, within the meaning of the statute, is not whether the interests of the dowress alone, would be promoted or prejudiced by that mode of assignment. The rule prescribed by the statute "to be equal and just must be mutual."

The mutual rights of the demandant and of the alienee must be considered, and the conclusion must be influenced not by what would be the interest of the one or the other, but just and right, as between the two.

We do not think the facts alleged in the bill of complaint in this case, make out a case within the contemplation of the statute and entitling the demandant to an assignment of compensation in lieu of dower instead of by metes and bounds.

It is shown by the averments of the bill that the depreciation in the value of the land since the alienation is due largely to natural causes and to a much less extent to the mere failure of the alienee to keep the property in repair from 1861, the time of the alienation, to 1891, the time of the demand for dower, and not from any wilful waste on his part.

By the common law, as we have shown, while the widow shared in improvements made by the heir or devisee, neither the improvements made by an alienee of the husband, nor depreciation in value caused by his acts, or from natural causes, affected the rule for the assignment of dower, though wilful waste by either the heir, devisee, or alienee, after the husband's death, would afford the basis for a claim for damages to be allowed not, it has been declared, as of any fixed period, but as of the value of the property at the different periods at which the widow is deprived of her dower. In the case of the heir, from the death of the husband—in the case of an alienee, from the time of the demand for dower until the assignment.—*McClannahan v. Porter*, 10 Mo. 746; *Steele v. Brown*, 70 Ala. 235.

We discover nothing in our statute designed to change this general rule; on the contrary this court in *Wood v. Morgan*, 56 Ala. 397, speaking of a statute in substance the same as this, said: "So that the section of the Code we are considering is rather a legislative recognition of an existing rule than the enactment of a new one."

Our statute, therefore, being in harmony with the common law, instead of making a change therein, it follows that mere depreciation of value whether from natural causes or the act or omission of the alienee presents no good reason for making an assignment of dower *against* the common right instead of *according* to the common right, or by metes and bounds.

Furthermore, recurring to the question whether it would be unjust, within the meaning of the statute, to the demandant to set off her dower by metes and bounds, we will add

[Tuck, Adm'r, v. Louisville and Nashville R. R. Co.]

that the law would not have cast upon her husband, had he lived, until this time, any duty or obligation towards her, as respects her inchoate right of dower, to keep the premises in good repair, or to cultivate the lands "according to the standard of a well regulated farm," and if no such duty rested on the husband, we can conceive of no principle of law that would impose that obligation upon the alienee of the husband any more than upon the latter, himself.

To assign dower as the bill in this case seeks to have it done, would require a valuation of the land which would make the widow's third some four or five times greater than the present value of the entire tract.

Thus the alienee would be compelled to pay annual interest for the life of the dowress on a sum four or five times greater than the present value of the whole tract of land, and more than thirteen times greater than her one-third of the present value of the land. This would be the grossest injustice to the alienee.

An assignment of dower by metes and bounds, so far as any thing in the bill shows to the contrary, would operate justly to both parties.

There is no question of willful waste, committed after the death of the husband, presented by the bill, and consequently it is unnecessary to consider what the rights of the demandant would be, in that case, or what the remedy for their enforcement.

We discover no error in the decree of the Chancery Court, on the motions and demurrers filed by appellee, and it is accordingly affirmed.

Affirmed.