# CHARLESTON.

Le Fevre *et al v.* Le Fevre *et al.*

(No. 6539)

Submitted May 13, 1930.  Decided May 27, 1930.
(Rehearing Denied July 17, 1930.)

*Emmert & Rice,* for appellant.
*Wm. W. Downey* and *J. O. Henson,* for appellees.

Litz, Judge:

This appeal involves a decree overruling exceptions of a widow to the report of commissioners assigning dower.

O. B. Le Fevre, a citizen and resident of Berkeley county, W. Va., died testate in January, 1927, the owner of personal property valued by the appraisers of his estate at $40,975 and four tracts of farming lands in said county (designated "Home Farm" or "Edgewood," "Drinker Farm," "Rural Retreat Farm," and "Pine Hill Farm") of the appraised value of $36,460, and survived by his widow, Hallie M., and two sons (W. D. and Edgar B.) by a former wife.  By his last will and testament he gave (1) to his wife, Hallie M., in lieu of dower, an annual allowance of $1,200 payable quarterly, with direction to his executors to provide her with a suitable residence for life; (2) to the children of his two sons the proceeds from

the sale, at her death, of personal property directed to be set apart by the executors to provide the annual income payable to the widow; (3) to three nephews $500 each; (4) to the son, W. D., for life (remainder to his heirs) "Pine Hill Farm" containing 200 acres, "Rural Retreat Farm," containing 232 acres (on which he then resided), and "Drinker Farm" containing 200 acres; (5) to the son, Edgar B., for life (remainder to his heirs) "Home Farm" commonly known as "Edgewood," containing 250 acres; and (6) to the two sons, in equal parts, the remainder of his estate.

The widow having renounced the will, this suit was instituted by the sons June 28, 1928, for assignment of her dower. By decree of December 19, 1928, commissioners were appointed to assign dower and directed in so doing to regard the fee simple as well as the income value of the property with the primary purpose of assigning to the widow such portion of the lands "as would likely return to her one-third of the income of the property as a whole." They were further directed: To act in such manner as would disturb the testamentary intent of the testator as little as practicable; to assign dower in the "Home Farm" as a distinct tract; and to consider the other three farms separately or together. Their report, filed March 18, 1929, without recitation of compliance with the directions of the decree, purports to assign, by brief general description, dower in each of the several tracts. The widow indorsed numerous exceptions, all of which the court overruled after hearing proof. The assignment in each farm consists of "back land" somewhat greater in extent than one-third of the tract, according to the estimates of witnesses, no surveying having been employed in the process of allotment. The valuation of the several farms, as fixed by the appraisers, follow:

### Edgewood Farm

| | |
|---|---:|
| 50 acres fronting on State Road adjoining dwelling at $60.00 per acre | $ 3,000.00 |
| 200 acres at $30.00 per acre | 6,000.00 |
| Mansion House and outbuildings | 5,000.00 |
| Barn, Wagon shed, tenant houses | 3,000.00 |
| | $17,000.00 |

### Drinker Farm

| | |
|---|---|
| 200 acres of land at $30.00 per acre | 6,000.00 |
| Buildings | 2,000.00 |

### Rural Retreat Farm

| | |
|---|---|
| 232 acres of land at $30 per acre | $ 6,960.00 |
| Buildings | 2,500.00 |

### Pine Hill Land

| | |
|---|---|
| 200 acres of land at $10 | 2,000.00 |

| | |
|---|---|
| Total Real Estate | $36,460.00 |

The improvements on the Edgewood Farm consist of a large brick mansion house, barns, tenant houses, and numerous appurtenant buildings. There are also on this tract an orchard of 60 acres, 38 years old, and another of 10 or 12 acres, 35 years of age. The Drinker Farm has a large dwelling house, barn, and other appurtenant buildings. The improvements on the Rural Retreat Farm consist of 10 acres of orchard, a large stone and brick dwelling, barn, tenant house, and other appurtenant buildings. None of the buildings or no part of the orchards was embraced in the lands assigned to the widow. The commissioners apparently ignored the fee-simple value of the property and failed to properly consider her claim to a home on the lands where she lived with her husband and has continued to reside since his death; nor is any plausible reason advanced for dividing the allotment into four disconnected parcels. "It is usual, and sometimes required by statute, to give the widow the right to have the home property as a part of her dower land if she desires. The rule in the early cases, that if the husband left several tracts of land, one-third of each tract must be assigned to the widow as dower, is now becoming obsolete on account of its manifest inconvenience. But the rule of separate assignments will still be followed, if the lots are owned by different purchasers." 10 R. C. L. p. 610. "It is not error to assign full dower in one of several lots or parcels of land." *Alderson's Heirs* v. *Henderson & Co.*, 5 W. Va. 182. "Unless injustice will thereby be done to the heirs, it is usual to assign to the widow the home or residence of the deceased." *Devaughn* v. *Devaughn*, 19 Grat. (60 Va.) 556. "The allotment should be made with

equal justice to all interested parties, regard being had not only to the value of the estate, but also to the annual productiveness of the several parcels, so that the annual income of the portion assigned shall equal at least one-third of the annual income of the whole property.'' 19 C. J. p. 578.

For the reasons stated, the decree complained of is reversed, and the cause remanded.

*Reversed and remanded.*