299 So.2d 262

**Louise Cobb Mixon BYARS**

v.

**Pauline C. MIXON et al.**

**SC 718.**

Supreme Court of Alabama.

Aug. 1, 1974.

Rehearing Denied Sept. 12, 1974.

662

W. H. Albritton, Andalusia, and J. Robert Ramsey, Dothan, for appellant.

Lee & McInish, Dothan, for appellees.

MERRILL, Justice.

The widow of Travis Mixon, Jr., Louise Cobb Mixon Byars, hereinafter referred to as "the widow," appealed from the rulings and decree of the Circuit Court of Houston County relating to assignment of her dower in the lands of her deceased hus-band. The widow, who remarried after the institution of these proceedings, owned no real estate at the time of her husband's death but did own a separate estate in per-sonality of the value of $26,387.23.

Letters of administration on the estate were granted to the widow on November 6, 1967, and the administration was duly re-moved from the probate court to the cir-cuit court on March 29, 1968.

Travis Mixon, Jr. left surviving him a daughter, Katrina Mixon Wilder, an appel-lee in this appeal, and a son, Travis Mix-on, III, who died March 22, 1970, leaving a widow, Pauline Mixon, but no children. Appellant, as widow, and appellees, Katri-na Mixon Wilder and Pauline Mixon, are the only parties having an interest in the property here involved.

At the time of his death, Travis Mixon, Jr. owned a very substantial amount of real estate of various classifications and locations, including farm lands in Houston County and vacant lands, business build-ings and dwellings in the City of Dothan.

On July 5, 1972, Katrina Mixon Wilder filed a petition in circuit court alleging, among other things, that "the dower inter-est to which the widow, Louise Cobb Mix-on, is entitled can be duly and justly as-signed to her by metes and bounds" and praying that said dower interest be "set off and assigned to her by metes and bounds."

The widow answered the petition, denied that her dower interest could be duly and justly assigned to her by metes and bounds for a number of specified reasons, alleged that assignment by metes and bounds would be impractical and unjust and pray-ed for assignment of compensation in lieu of dower.

After hearing the evidence, the trial court found (1) "that the dower interest of Louise Cobb Mixon in the lands of Travis Mixon, Jr., deceased, can be duly and just-ly assigned to her by metes and bounds"; (2) that such dower interest consisted of an estate for her lifetime in one-third of the described real estate, and (3) that the

Sheriff of Houston County "is directed to summon five freeholders, not connected with the parties, by consanguinity, or affinity, to allot and set off by metes and bounds the dower of Louise Cobb Mixon, having regard to the improvements and quality of the land, as well as to the quantity of the dower."

The decree of the trial court lists the property in which the widow has a dower interest. It includes 10 residential parcels, most of which are presently being rented, 8 commercial lots and a business building, all in Dothan. Also included is one vacant lot and 12 tracts of rural acreage, all outside the City of Dothan. The total gross annual rental on the rural acreage was $13,000.00.

Dower is defined in Tit. 34, §§ 40 and 41:

"§ 40. Dower is an estate for the life of the widow in a certain portion of the following real estate of her husband, to which she has not relinquished her right during the marriage:

"(1). Of all lands of which the husband was seized in fee during the marriage. (2). Of all lands of which another was seized in fee to his use. (3). Of all lands to which, at the time of his death, he had a perfect equity, having paid all the purchase money therefor.

"§ 41. The quantity of the dower interest is as follows:

"(1). When the husband dies leaving no lineal descendants and his estate is not insolvent, his widow is entitled to be endowed of one-half his lands.

"(2). If in such case his estate is insolvent, to one-third part thereof.

"(3). When there are lineal descendants, then to one-third part thereof, whether the estate be solvent or not."

From this record, we assume that § 40(1) and § 41(3) are applicable in this particular case.

In Sanders v. McMillian, 98 Ala. 144, 11 So. 750, this court said:

"The general rule is that, whenever the property in which the widow is entitled to dower is capable of division, dower must be set off by metes and bounds. 5 Amer. &. Eng.Ency. of Law, p. 927, 2 Scribner on Dower, p. 581 § 1; McClanahan v Porter, 10 Mo. 746; Dunseth v. Bank U. S., 6 Ohio 76; Code 1886, §§ 1901, 1910 (Tit. 34, §§ 51 and 61, Code 1940).

"The assignment of dower by the common law is of one-third part of the lands and tenements of which the widow is dowable, to be set out by metes and bounds, where it is practicable, to be held by her for life. The endowment is required to be of parcel of the lands and tenements themselves. Dower so assigned is said to have been set out 'according to common right.'

"When, however, the property did not admit of an assignment of dower in severalty, either from the nature of the husband's interests in it, or from the quality of the thing itself, the assignment by metes and bounds was of necessity dispensed with, and an assignment of compensation in lieu of dower was made, or an assignment 'against common right,' as it is sometimes designated, and this assignment was so made as to yield the widow one-third of the rents and profits received from the entire estate.

"It was further the rule of the common law that if the land was held by the heir or devisee the widow was entitled to have the value of the land estimated at the time dower was assigned, thus giving her the benefit of improvements made by the heir or devisee, and, also, that she would bear a proportion of the loss which may have been incurred by an unavoidable diminution in the value of the lands during the time which intervenes between the death of her husband and the assignment of her dower. * * *"
In Hollis v. Watkins, 189 Ala. 292, 66 So. 29, it was said:

"It is the policy of the law to settle upon the widow the *house* which her

husband occupied as his residence for her natural life, and it gives her money in lieu of the *house* only when the house cannot be given to her.

"It is also the policy of the law to give her, *as her dower,* a life estate in one-third part *in acreage and value of the lands* of which her husband died seised and possessed, and *not* to give her money in lieu of this land when the land itself can be allotted to her."

The widow states in brief that she is not seeking "commuted dower"—a lump sum award—but she seeks compensation in lieu of dower so as to provide her "with the annual legal interest upon one-third of the *value* of the premises as of the date of the assignment, to be paid to her annually, during her life, as a *charge* upon the lands, or upon the *proceeds* of the land in the event of *sale.*"

The widow contends that her dower interest cannot be assigned to her by metes and bounds as required by common law without manifest injustice to her. She cites the following from Harmon v. Peery, 145 Va. 578, 134 S.E. 701:

"Under the common law, which obtains in Virginia, as to assignment of dower, a widow is entitled, at her election, to have dower assigned to her in each separate tract of land owned by her husband during coverture. * * *"

She asserts that the common law also applies in Alabama, Tit. 1, § 3, Code 1940, that she would be entitled to have her dower interest assigned in each separate tract of land by metes and bounds, but such a procedure would be "inequitable, unjust and impractical," as would be the procedure authorized by the trial court—that of assigning her dower by metes and bounds in selected parcels.

Her contention is that allotment of dower by metes and bounds in each separate tract or selected tracts is unjust to her because of the difference in the nature, location, valuation, income, rents and profits of the lands involved. She also argues that the lands representing more than one-half the value of all lands owned by the decedent are open, vacant acreage and lots in Dothan, with a ready market value but without income potential to the widow with only a life interest.

This particular question has never been decided by this court and this aspect of the case is one of first impression here.

The facts in *Harmon*, the Virginia case, are different. There, the widow was seeking to have dower assigned to her out of 201 acre tract of land that had been ordered sold during her husband's lifetime to satisfy his debts. The purchaser at the sale was contending that the 201 acre tract should be exonerated, and her claim of dower should be satisfied out of other lands which the husband had not sold or allowed to be sold. Here, there are no third parties involved.

■ There is no question but that under the common law, and in Alabama, that a widow has a dower interest in each separate tract of land owned by her husband during coverture.

In 28 C.J.S. Dower § 99c., p. 209, it is stated:

"Courts of equity will follow the common-law rule in respect of allotting dower in each separate tract of land owned by the husband during coverture where there are no equities demanding application of a different doctrine. On the other hand, courts of equity are not bound to follow this inflexible rule of the common law, and in a proper case may require the widow to accept assignment of the whole of her dower in land of which the husband died seized, and courts applying equitable principles have departed from the common-law rule and have required the widow to accept an assignment of the whole of her dower out of the estate of which the husband died seized, and which was ultimately liable to sustain the whole charge of her dower right in lands conveyed with general warranty. * * *"

The following appears in 25 Am.Jur.2d, Dower and Curtesy, § 183, p. 227:

"Where the interests of alienees are not involved and it is apparent that an assignment of dower may be made by giving the widow one tract equal in value to her interest in the several tracts and that such an assignment will not be prejudicial to any of the parties, it is proper for the court to set aside to her a single tract, instead of scattering the assignments over all the tracts."

 The following principles have been enunciated in our decisions:

1. In allotting homestead and dower, the rights of children as well as widow are to be considered. Rash v. Bogart, 226 Ala. 284, 146 So. 814.

2. The children of the decedent are entitled to have allotted the dower interest so that the balance of the estate may be disencumbered. Aniton v. Robinson, 273 Ala. 76, 134 So.2d 764; Wilkinson v. Brandon, 92 Ala. 530, 9 So. 187.

3. The assignment of dower is by metes and bounds when it is practicable, Sanders v. McMillian, 98 Ala. 144, 11 So. 750, but not when it would be a "manifest injustice." Wood v. Morgan, 56 Ala. 397.

 We do not think it is practicable to assign dower by metes and bounds in each separate tract of the many tracts here involved. We do think it is practicable to assign dower in whole tracts if the widow's share is allotted so as to provide her with a life interest in one-third of the acreage and value of the land. That is our understanding of the trial court's order. This would unencumber two-thirds of the land, and would appear to be an equitable solution if it were without manifest injustice to either the widow or the children. That question arises when the assignment is made and is subject to confirmation by the trial court. This is in line with the holding in Le Fevre v. Le Fevre, 109 W. Va. 260, 153 S.E. 918 (1930), where the husband owned several tracts of land at the time of his death and his widow dissented from the will, and the decedent's sons instituted a suit for assignment of dower. The court said:

" * * * The rule in the early cases, that if the husband left several tracts of land, one-third of each tract must be assigned to the widow as dower, is now becoming obsolete on account of its manifest inconvenience. But the rule of separate assignments will still be followed, if the lots are owned by different purchasers.' 10 R.C.L. p. 610. 'It is not error to assign full dower in one of several lots or parcels of land.' Alderson's Heirs v. Henderson & Co., 5 W.Va. 182. 'Unless injustice will thereby be done to the heirs, it is usual to assign to the widow the home or residence of the deceased.' Devaughn v. Devaughn, 19 Grat. (60 Va.) 556. 'The allotment should be made with equal justice to all interested parties, regard being had not only to the value of the estate, but also to the annual productiveness of the several parcels, so that the annual income of the portion assigned shall equal at least one third of the annual income of the whole property.' 19 C.J. p. 578."

Insofar as we are informed, this court has never had occasion to provide for or approve "compensation in lieu of dower." We have approved "commuted dower" in cases of prior alienation of land by the husband without the joinder of the wife in the conveyance; where the equivalent of her dower interest was insufficient personalty to pay the widow a fair share, or where the widow joined in requesting a sale for division. In Cox v. United States, 421 F.2d 576 (5th Cir., 1970), the court stated:

"Apart from these three situations, prior alienation, insufficient personalty, and division, we have neither been cited to nor have we found a single instance where a court under Alabama law has awarded a widow commuted dower. * * *"

**668**

The only Alabama case where we have noticed the expression "compensation in lieu of dower" is in Sanders v. McMillian, 98 Ala. 144, 11 So. 750, which is quoted in this opinion supra. As already noted, *Sanders* is an alienation case and it is argued that the statements in *Sanders* are applied only to an alienation situation. We do not now decide that question, nor do we foreclose the addition of other instances where "commuted dower" might be the only fair solution to the problem.

Here, there was evidence before the court that the properties could be divided into thirds so that an individual could be assigned a third of the property in such a way that the value and income and yield would be approximately the same.

We find no error in that part of the court's decree.

Assignments of error 9 and 10 charge that the court erred in permitting the witness Wilder to testify that in his opinion, the real property owned by Travis Mixon, Jr., at the time of his death, "can be divided so that a third interest in the property could be assigned by metes and bounds to be set aside to Mrs. Louise Cobb Mixon, the widow of Travis Mixon, Jr."; and in permitting the witness Floyd to testify that in his opinion, the same property could be "divided into thirds so that a third of the value and income and yield could be assigned to an individual."

Appellant argues that neither witness was qualified to make such judgment. Wilder was the husband of appellee, Katrina Mixon Wilder. He was "semi-retired, a banker and a farmer" and a former system analyst; he appraised land for the Bank of Graceville, Florida, and was familiar with the lands in question. The witness Floyd was a licensed real estate broker in Alabama and had dealt in real estate in and around Dothan for many years.

■ The use of expert testimony is expressly authorized by Tit. 7, § 437, and the question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose decision will not be disturbed on appeal except for palpable abuse. Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804; Baggett v. Allen, 273 Ala. 164, 137 So.2d 37. We find no abuse of discretion in the action of the trial court.

■ Appellant also argues that the questions called for a conclusion of the witnesses as to the very question submitted for determination by the court. We cannot agree.

The questions called for opinions, not legal conclusions. There was no question of an invasion of the province of the jury because the case was tried before the trial court without a jury.

■ The fact that a question propounded to an expert witness will elicit an opinion from him in practical affirmation or disaffirmation of a material issue in a case will not suffice to render the question improper. Watson v. Hardaway-Covington Cotton Co., 223 Ala. 443, 137 So. 33; Colvin v. State, 247 Ala. 55, 22 So.2d 548.

Moreover, the opinion in Maslankowski v. Beam, supra, quotes with approval the following from Woyak v. Konieske, 237 Minn. 213, 54 N.W.2d 649:

"'Where the opinion of a witness is elicited, the proper test to determine his qualification is whether his knowledge of the matter in relation to which his opinion is sought is such that it will probably aid the trier of the question to determine the truth.'"

The testimony of the two expert witnesses probably aided the trial court in reaching the decision which we think was right and proper, because it was the court's duty to order the assignment of dower by metes and bounds if practicable and not manifestly unjust.

A tabulation in appellant's brief of the various properties by present market value and income show the total value of the properties to be approximately $947,700.00, and the approximate annual income from these properties to be $29,740.00.

■ It clearly appears that the property is not producing income commensurate with its value. The trial court rejected appellant's contention that her dower should be based on the total market value of the land and that she should receive payment of the interest on one-third of that value for the rest of her life. For example—6% interest on $300,000.00 (⅓ of the value) is $18,000.00 per annum, which would consume all but $11,000.00 of the total annual income from the property. This would be manifestly unjust to the children.

The decree of the trial court is due to be affirmed.

Affirmed.

HARWOOD, MADDOX and FAULK-NER, JJ., and SIMMONS, Supernumary Circuit Judge, concur.