SHORES, Justice.
This is the third appeal involving the estate of Travis Mixon, Jr. Byars v. Mixon, 292 Ala. 657, 299 So.2d 259; and 292 Ala. 661, 299 So.2d 262 (1974).
The facts and family history involved here are set out in the opinion written for the court by Justice Merrill on the second appeal. In that case, the court held that it was impracticable to assign dower by metes and bounds in each separate tract of the many tracts of land owned by Mr. Mixon at the time of his death and said:
“ . . . We do think it is practicable to assign dower in whole tracts if the widow’s share is allotted so as to provide her with a life interest in one-third of the acreage and value of the land. That is our understanding of the trial court’s order. This would unencumber two-thirds of the land, and would appear to be an equitable solution if it were without manifest injustice to either the widow or the children. That question arises when the assignment is made and is subject to confirmation by the trial court. . . . ” (292 Ala. at 667, 299 So.2d at 266)
The property conveniently falls into three categories: Income producing residential and commercial property, farm lands, and vacant non-income producing lands. After the affirmance by this court of the trial court’s decree in the previous appeal, commissioners were appointed and the widow’s dower interest has been set aside in each of these three categories. On the present appeal, she contends that this has worked a *158 manifest injustice to her insofar as the allotment of dower in the vacant non-income producing property is concerned. She has no complaint about the assignment of dower in the income producing residential and commercial property; nor does she complain about the allotment of dower in the farm lands.
Indeed, it would be difficult to understand if she did complain about the allotment of these lands, since the record shows that, of 1,546 acres of farm land, 420 acres' were assigned to the widow. Of the income producing residential and commercial property, which was producing an annual rental of $30,368, a share producing $10,361 was allotted to the widow.
The widow now asserts that the vacant non-income producing property should be treated as if it were all of the property which her husband owned; and that her dower interest in those properties should be commuted to cash. It is her contention that the unproductive lands have a high market value; but that she is precluded from enjoying any of the benefits of this value, because these lands are not producing any income. This, she asserts, constitutes an injustice requiring that her dower interest in these lands be commuted to cash. We cannot agree.
Looking to the entire real estate and the allotment of dower in all of the lands of Mr. Mixon, we do not think the widow has been treated unfairly. In 28 C.J.S. Dower § 12, the following appears:
“The common-law estate of dower was confined to an interest in real estate, and, as a general rule, dower attaches to all lands and tenements of which the husband was seized of an estate of inheritance at any time during coverture, or, under some statutes, at the time of his death. This is so whether the dowress can make beneficial use thereof or not.”
We could agree with the widow if the trial court had allotted to her a dower interest only in the nonproductive lands.
In II Scribner, Law of Dower 599, 600, 601 (2nd ed. 1883), the rule is set out as follows:
“ . . . ‘In the assignment of dower, commissioners are to regard the rents and profits only, of the several parcels of the estate out of which dower is to be assigned. When they have ascertained the annual income of the whole estate, they ought to set off to the widow such a part as will yield her one-third of such income, in parcels best calculated for the convenience of herself and of the heirs.
“ . . . ‘in assigning dower, regard should be had to the productiveness, as well as to the value of the different parcels of the estate; and the allotment should include such as will yield the widow a fair share of the annual income of the whole. To allow her unproductive property only, as wild lands, a house without fields, &e., though it may be one-third of the value, is neither just nor legal.’ ...”
Here, however, the commissioners did not allow the widow unproductive property only. The quoted rule was followed explicitly in that the commissioners set apart to her such part as will yield one-third of the income of the whole estate. This seems to us to produce a fair and equitable result, both for the widow and the heirs. We agree with the appellant that the court has the power to award compensation in lieu of dower if an assignment of dower by metes and bounds results in manifest injustice to the widow. However, we do not think the assignment by metes and bounds in this case has produced an injustice to the widow.
On prior appeal of this case, the widow argued that she should be awarded compensation in lieu of dower in the entire real property of her deceased husband. She now restricts that argument to the nonproductive property. In rejecting her argument on prior appeal, Justice Merrill noted:
“ . . . The trial court rejected appellant’s contention that her dower *159 should be based on the total market value of the land and that she should receive payment of the interest on one-third of that value for the rest of her life. For example — 6% interest on $300,000.00 (Vs of the value) is $18,000.00 per annum, which would consume all but $11,000.00 of the total annual income from the property. This would be manifestly unjust to the children.” Byars v. Mixon, supra, 292 Ala. at 669, 299 So.2d at 268.
On the instant appeal, the widow asserts that, as to the non-income producing lands, her dower should be based on the total market value, which she claims is $436,400. One-third of this amount is $145,466, which, at 6% per annum, would amount to $8,727.96. This, she claims, she is entitled to in addition to the $10,361 allotted to her from the income producing property. This would mean that the widow would receive over $18,000 per annum for life, from a total income to the whole estate of slightly more than $30,000. We think this, too, would be manifestly unjust to the children.
Although the appellant raises several additional points, in brief, this is, in her words, the only “real” issue involved on this appeal and, therefore, the only issue to which we address ourselves.
The judgment of the trial court is affirmed.
AFFIRMED.
HEFLIN, C. J., and MADDOX, JONES and BEATTY, JJ., concur.