Samuel Phillips, in his capacity as the administrator of the estate of Coy Phillips, appeals from a judgment entered in favor of the defendant, Alamed Company, Inc. ("Alamed"), in a negligence action. The questions presented are: (1) whether the court erred by directing a verdict in Alamed's favor, based on its holding that Phillips had failed to produce evidence of proximate cause; and (2) whether the court erred by sustaining Alamed's objection to testimony by a registered nurse on the issue of proximate cause.
Coy Phillips was involved in a motor vehicle accident in March 1982. She suffered relatively severe injuries to her legs and, as a result, was partially immobilized for a period after her discharge from the hospital. Upon discharge, her physician recommended that she obtain the services of a home health care service to monitor her vital signs and for assistance with her grooming and hygiene needs. Ms. Phillips's family retained Alamed to provide those services.
Alamed sent home health care aides to Ms. Phillips's house three days a week. Those aides would assist her with her bath and check her vital signs and then report to a registered nurse, who acted as their supervisor. If the registered nurse determined that Ms. Phillips's vital signs were not within acceptable limits, she would contact Ms. Phillips's physician. *Page 464 
On April 5, 1982, Ms. Phillips complained to the aide that she was experiencing shortness of breath. The aide reported Ms. Phillips's complaint to Martha Holley, the supervising registered nurse. Ms. Holley did not report Ms. Phillips's complaint of shortness of breath to her physician, but did send an aide to Ms. Phillips's house for an unscheduled visit on the morning of April 6, 1982. The aide found Ms. Phillips to be less short of breath than she had been the previous day.
On the afternoon of April 6, Ms. Phillips's son, Samuel Phillips, came by her house to take her to her doctor's office for a scheduled appointment. On the way to the doctor's office, Ms. Phillips had a seizure and slumped in the car. She could not be resuscitated. An autopsy revealed that Ms. Phillips's death had been caused by a pulmonary embolus.
Samuel Phillips, in his capacity as the administrator of his mother's estate, filed an action against Alamed, alleging that its employees had been negligent in failing to properly assess Ms. Phillips's condition and in failing to report her complaint of shortness of breath on April 5 to her physician, and that their negligence was a proximate cause of her death. Phillips also named his mother's physician as a defendant. He alleged that the physician's failure to recognize his mother's shortness of breath as a symptom of a pulmonary embolus and to provide her with the appropriate treatment was a proximate cause of her death. However, before trial, Phillips filed a motion to dismiss his complaint as to the physician. The trial court granted his motion and entered an order of pro tanto dismissal. The record does not indicate why the physician was dismissed.
At the close of the evidence, Alamed moved for a directed verdict, arguing that Phillips had failed to offer any evidence showing that the alleged negligence of Alamed's employees was the proximate cause of Ms. Phillips death. The court granted Alamed's motion and Phillips appeals from the resulting judgment.
Phillips's first argument is that he presented evidence of proximate cause to defeat Alamed's motion for a directed verdict. Because Phillips's complaint was filed before June 11, 1987, it was governed by the "scintilla of evidence" rule. Ala. Code 1975, § 12-21-12. Phillips argues that he presented evidence that addressed the issue of proximate cause in the form of medical treatises and the testimony of Dr. Stewart Battle, a physician. He also contends that the proffered testimony of Anne Bailey-Allen, a registered nurse, would have provided evidence that Alamed's alleged negligence proximately caused Ms. Phillips's death.[1]
The treatise excerpts offered by Phillips were admitted into evidence without objection. Those excerpts described the type of pulmonary embolus that caused Ms. Phillips's death and also discussed the treatment of such an embolus. According to those treatises, that type of embolus is rarely fatal and usually responds favorably to prompt treatment.
However, those treatise excerpts speak in general terms. Phillips did not ask Dr. Battle to interpret those treatises, to apply them to the facts constituting Alamed's alleged breach of the applicable standard of care, or to apply them to the question of the proximate cause of Ms. Phillips's death. In order to establish liability, a plaintiff is required to present evidence showing both that the defendant was negligent and that the negligence was the proximate cause of the injury complained of. Hall v. Booth, 423 So.2d 184 (Ala. 1982). Because Phillips failed to pose hypothetical questions to the physician-witness regarding those treatises, or to otherwise apply the general principles set out in them to the circumstances surrounding Ms. Phillips's death, they do not constitute evidence of proximate cause. Similarly, after reviewing Dr. Battle's testimony, this Court concludes that Dr. Battle stated only that Alamed's employees breached the applicable standard of care. He did not testify that their alleged negligence caused Ms. Phillips's death. *Page 465 
Our recent case of Brillant v. Royal, 582 So.2d 512 (Ala. 1991), involved a somewhat similar situation. In Brillant, the trial court directed a verdict for the defendant-physician, holding that the plaintiff had failed to present substantial evidence of proximate cause. 582 So.2d at 515. This Court reversed, holding that the testimony of two expert witnesses, when combined with the interpretation by one of those witnesses of articles in medical journals, constituted substantial evidence of proximate cause. 582 So.2d at 518.
In the instant case, there was no competent testimony that Alamed's alleged negligence was a proximate cause of Ms. Phillips's death, nor were the medical treatise excerpts applied specifically to the circumstances of her death. As a result, there was no evidence of proximate cause.
Phillips also argues that the court erred by sustaining Alamed's objection to testimony by Anne Bailey-Allen, a registered nurse, on the issue of proximate cause. The trial court held that testimony on the issue of proximate cause could be provided only by a physician. As a general rule, decisions as to a witness's competency to testify as an expert on a particular subject are within the discretion of the trial court. Ward v. Dale County Farmers Coop., 472 So.2d 978 (Ala. 1985). Those decisions will not be reversed by this Court absent an abuse of discretion. Bell v. Hart, 516 So.2d 562
(Ala. 1987); Byars v. Mixon, 292 Ala. 661, 299 So.2d 262
(1974).
The question of whether Alamed's failure to report Ms. Phillips's complaint of shortness of breath to her physician proximately caused her death is clearly a question involving complex medical issues. Therefore, we cannot say that the trial judge abused his discretion by requiring the testimony of a physician and, implicitly, holding that a registered nurse was not competent to testify as an expert on the issue of proximate cause. Bell, supra; Byars, supra.
Finally, Phillips contends that the trial court's ruling was error because, he contends, this Court has previously approved of testimony by nonphysician witnesses regarding causes of death. He directs this Court's attention to our opinions inPolice Firemen's Ins. Ass'n v. Mullins, 260 Ala. 173,69 So.2d 261 (1953); Hicks v. State, 247 Ala. 439, 25 So.2d 139
(1946); and Blakeney v. Alabama Power Co., 222 Ala. 394,133 So. 16 (1931), as support for his argument.
In response, Alamed points out that the medical cause of Ms. Phillips's death, i.e., a pulmonary embolus, was never in dispute. Therefore, it argues, the cases relied on by Phillips are not relevant to the issue of whether the trial judge abused his discretion by holding that Ms. Bailey-Allen was not competent to testify regarding proximate cause. We agree. Phillips's argument fails to recognize the important distinction between the question of what ailment or organic failure caused Ms. Phillips's death and the question of whether Alamed's alleged negligence was the proximate cause of her death.
For the reasons set out above, the directed verdict was proper, and the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The issue of Ms. Bailey-Allen's testimony will be discussed separately.