# CASES DECIDED

### IN THE

# Supreme Court of Appeals

## OF VIRGINIA

### 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

BRAGG v. TINKLING LAND AND IMPROVEMENT CO., INC.,
AND OTHERS

June 12, 1913.

1. DOWER—*Suit to Recover—Aliened and Unaliened Lands—Parties.*—
   In a suit by a widow to have dower assigned to her in the lands
   whereof her husband was seized in fee during the coverture, some
   of which lands were aliened by the husband during the coverture
   without her concurrence, where it is sought to have the whole
   dower assigned out of the unaliened lands in the hands of the
   heirs, to the exoneration of that aliened by the husband in his
   lifetime, the heirs are necessary parties to the suit, and it is
   error to make any decree in the cause on the merits until the
   heirs are made parties thereto.

Appeal from a decree of the Circuit Court of Lunenburg
county. Decree for the defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Geo. E. Allen* and *R. Grayson DeShiell,* for the appel-
lant.

*Turnbull & Turnbull, Thorp & Thorp* and *McNeill,
Hudgins & Ozlin,* for the appellees.

HARRISON, J., delivered the opinion of the court.

W. J. Bragg died in February, 1909, and in August of
that year his widow, the appellant, brought this suit to
obtain dower out of certain lands described in her bill.
The decree complained of denied the relief sought, and
this appeal was taken.

A demurrer was sustained to the original bill filed by
the appellant, and thereupon she filed an amended bill in
which she states the following case: That during his life-
time, her husband was seized and possessed in fee simple
of a tract of land in Lunenburg county, containing 423¼
acres; that by deed of trust, in which she did not unite,
dated in September, 1866, her husband conveyed the tract
of land mentioned to a trustee to secure debts; that sub-
sequently her husband was adjudged a bankrupt, and the
land was sold by authority of the bankrupt court, sub-
ject to her contingent right of dower therein, and con-
veyed to the purchaser; that since this sale by the bank-
rupt court the land has passed into other hands, a large
part of it having been subdivided into small town lots,
which are now owned by numerous alienees who have im-
proved the same; that she has never been assigned her
dower in any part of the land or received the commuted
value thereof; and that her right to dower in such land
has never been relinquished except in a small portion
thereof acquired by the Virginian Railway for railroad
purposes.  The bill charges that in view of the construc-
tion and operation of the Virginian Railway and the Rapid
growth and development of the town of Kenbridge, a por-
tion of which is located on part of the land in which
she is entitled to dower, and for other reasons, the land
has become very valuable, and that it is now impracticable
if not impossible to assign her dower in kind, in at least
a part of the land; that about 350 acres of the original

tract of 423¼ acres is valuable farm land, in which her dower might be assigned in kind, though with great injustice to her, and almost equal injustice to the other owners; that as to that portion of the land which has been laid off into town lots, and on which are standing residences, stores, warehouses, churches, etc., complainant says that it is impossible to assign her dower therein in kind without great injustice to her and equal injustice to the present owners. She does not, therefore, ask to have her dower assigned in kind but insists that she is entitled to have the same ascertained and paid to her in a lump sum according to the annuity tables provided by section 2281 of the Code. The numerous alienees of the land are made parties defendant, and the prayer of the bill is that a commissioner be directed to report to the court the value of the farming land mentioned in the bill, and also the value of the town lots mentioned therein, and what damages if any the complainant has sustained by the detention of her dower, and whether the farm lands can be divided so as to assign the complainant her dower therein without injustice to her or the present owners, and likewise to report whether it is practicable or possible to assign dower in kind in the lots mentioned, and for such general relief as the complainant may be entitled to.

A number of the defendants filed a joint and separate answer, in which they admit that the husband of the complainant was seized and possessed of the 423¼ acres of land mentioned in the bill; that such land was sold and conveyed as alleged; and that it is now owned in part as set out in the bill. Further answering, respondents aver that the husband of the complainant died seized and possessed of certain other lands in Lunenburg county, one tract containing 371½ acres, and an undivided half interest in another tract containing 178½ acres, and they insist that the dower of the complainant can be assigned

her out of these lands, and that under the law such dower must be assigned her out of the lands of which her husband died seized, if they be sufficient for that purpose, in exoneration of the lands held by the respondents. But, say respondents, if the lands mentioned in the bill are not to be exonerated as claimed, then they ask that under section 2278 of the Code the court will ascertain the values of the respective parcels of land in the bill mentioned, deducting the value of all permanent improvements made since the alienation to J. T. Tisdale (the purchaser at the bankrupt sale), and will permit the defendants to pay legal interest to the complainant annually on one-third of the value of their respective parcels of land during the lifetime of the complainant.

The case was heard upon the bill and answer alone; the decree appealed from deciding that the dower of the complainant must be assigned her in the lands of which her husband, W. J. Bragg, died seized, in exoneration of the lands mentioned in the bill. The decree then states that no inquiry is directed because the complainant admits that her husband left sufficient lands to satisfy her dower rights, and it is, therefore, ordered that the cause be removed from the docket.

It is conceded at bar that the lands left by W. J. Bragg are in the possession of his heirs. This being so, we are of opinion that it was error to enter any decree in the cause upon the merits until the heirs were made parties. The bill states a *prima facie* case entitling the complainant to the relief asked, and the answer admits the facts alleged so far as necessary to establish her primary right to dower in the lands held by the respondents, but seeks to avoid such liability by transferring the burden to the land in the possession of the heirs.

We are of opinion that the heirs are necessary parties and entitled to be heard before any proper or binding de-

cree can be made in the premises. The lands bought by the defendants were, as alleged in the bill, sold subject to the complainant's contingent dower rights therein, and inasmuch as the defendants now seek to be exonerated from that burden by having the same transferred to the lands held by the heirs, it was incumbent upon them to file a cross-bill alleging the facts entitling them to such exoneration, and making the heirs parties defendant, so that when a decree was entered disposing of the controversy on its merits all parties in interest would be concluded thereby.

The decree appealed from must be reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*