CASE 63—PETITION EQUITY—DECEMBER 8.

## Richmond, Etc. v. Harris, Etc.

APPEAL FROM FLOYD CIRCUIT COURT.

1. DOWER—STATUTORY CONSTRUCTION.—Under the provisions of section 2141 of the Kentucky Statutes that "where the lands are not severally held by different devisees or purchasers, it shall not be necessary to assign dower out of each separate portion, but an equitable allotment may be made in one or more parcels in lieu of the whole," a widow will not be allowed dower in a tract of land conveyed by her husband during his life time in which she did not join, if his remaining estate is sufficient to

provide dower for her in such remaining estate and the land
alienated.

2. HUSBAND'S GRANTEES—RIGHT TO CROSS ACTION.—In the event all
the dower can not be allotted out of the remaining estate, and
it should become necessary to subject thereto any part of the
land alienated by the husband, his grantees are entitled to prose-
cute their cross action against the heirs at law for indemnity
under a general warranty from the husband.

WALTER S. HARKINS FOR APPELLANTS.

1. It was the duty of the chancellor to allot dower for the whole es-
tate out of the unalienated lands of which the husband died the
owner and in possession. Scribner on Dower, vol. 2, page 638,
and authorities there cited; Moran v. Conn., 3 Bush, 58; Lawsor
v. Moore, 6 Dana, 471; Dembitz on Land Titles, vol. 2, page 833.

2. But if the widow should be adjudged dower out of this land, them
the covenants of warranty in appellant's deed have been broken
and they have a right of cross action against the heirs at law
of James P. Harris. Rawle on Covenants of Title, 213, 214.

JAMES GOBLE FOR APPELLEES.

1. A widow is entitled to be endowed out of each and every tract of
land owned by her husband during coverture, and will not
be compelled to take her entire dower out of any one tract. Wood
v. Lee, 5 Monroe, 55.

2. The cases of Lawson v. Moore, 6 Dana, 471, and Morgan v. Kohn,
3 Bush, 58, are discussed and distinguished from the case at bar.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by appellee to have dower
assigned to her in a tract of land to which her deceased
husband held title and possession during coverture. Appel-
ants answered, alleging that the title to the land in question
had been conveyed by the husband of appellee by general
warranty deed to his sons, J. P. Harris, jr., and R. W.
Harris, and that subsequently these vendors had sold, and
by general warranty deed conveyed, the title to the land in
question to them, but admitting that appellee had not united
in the conveyance; alleging further that the tract of land was

not worth, at the date of the alienation, exceeding $1,000, and that at the date of the death of the husband of the appellee he held title to and was seized of a much larger and more valuable tract, worth at least $9,000 at the date of his death, and upon which he resided with his wife and children previous to his death, and which his family had continued to occupy subsequently thereto; that this tract of land was ample to secure to appellee all the dower to which she was entitled in the real estate owned by her deceased husband at the time of his death, and that which he had alienated previous thereto by conveyances in which she did not unite. They also made their answer a cross petition and counterclaim against the heirs at law of J. P. Harris, deceased, and sought to recover of them, by way of contribution, such an amount as would indemnify them for the broken covenant of warranty of their ancestor, in the event appellee succeeded in having dower allotted in the tract owned and held by appellants under the conveyance of her deceased husband.

Appellee filed general demurrer to this answer and cross petition, which was sustained, and judgment entered allotting dower in the tract of appellants. From that judgment this appeal is prosecuted.

Under the common law a widow was entitled, at her election, to have dower assigned her in each separate tract of land owned by her husband during coverture, but courts of equity have departed from this inflexible rule of the common law, and have required widows to accept an assignment of the whole of their dower out of the estate of which their husbands died seized and which was ultimately liable

to sustain the whole charge of her dower right in the lands conveyed with general warranty, when an equitable allotment could be made in one or more parcels and the interest of the estate of the decedent required it to be done. (Lawson v. Morton, 6 Dana, 471; Wood v. Keys, 6 Paige's Chan. Rep., 478.)

And in recognition of this plain principle of equity the law-making power enacted section 2141 of the Kentucky Statutes, which provides: "Where the lands are not severally held by different devisees or purchasers it shall not be necessary to assign dower out of each separate portion, but an equitable allotment may be made in one or more parcels in lieu of the whole."

And this court construed this statute in the case of Morgan v. Conn, 3 Bush, 158. In that case the decedent had sold 100 acres of land off of a 400-acre tract, and the question was whether dower should be assigned the surviving widow out of the remaining 300 acres, or whether a pro rata should be assigned her out of the 100 acres which had been sold. The court held that as there was nothing in the record to show that any injustice would be done her by assigning her dower in one body out of the land owned by decedent at his death, and as this course would protect both the purchasers and the heirs and avoid the trouble and expense of another suit, that her dower should be laid off out of that part of the tract which remained unsold and owned by decedent at the time of his death. And there is no reason apparent to us why this equitable doctrine should not prevail in cases where dower is sought in separate and distinct tracts which have been conveyed by the decedent, as well

as in cases where the entire tract has not been disposed of. Such, we think, was the manifest intention of the statute supra, the purpose being, so far as practicable, to protect the rights of devisees and purchasers; and, in our opinion, where an equitable allotment of dower can be made out of lauds held by the husband at his death, and the interest of the estate of decedent manifestly requires it to be done, it is the duty of courts to so allot, and thereby avoid injustice to purchasers and the circuity and expense of suits against the estate of the grantor's representatives or heirs on broken covenants of warranty. This, however, should be required only in instances where no injustice will be done the widow; and if the lands owned by decedent at his death are not sufficient to furnish appellee dower in such tracts and in the tracts which had been alienated by him in which she had not united it should not be so required.

The question from this aspect is one of fact. In the event all the dower to which appellee is entitled can not be allotted out of the home tract, and it becomes necessary to subject appellants land to her claim, they are entitled to prosecute their cross bill against the heirs at law for indemnity, in consequence of the allotment of dower in the land held by them under warranty deeds from the deceased husband.

For the reasons indicated the demurrer of appellee should have been overruled and the judgment is, therefore, reversed and cause remanded for proceedings consistent herewith.