MARION J. LAVERY, Appellee, *vs.* DOUGLAS W. HUTCHINSON, Exr., Appellant.

*Opinion filed February 25, 1911.*

1. EQUITY—*when fact that complainant has conveyed land does not deprive her of her standing in equity.* Where the owner of the legal title to land, the railroad company seeking to condemn the same and an intervening petitioner seeking to establish dower agree upon the price to be paid for the land, the money paid by the company under such agreement takes the place of the land and is subject to the same burdens the land was under, and the fact that the owner conveys all her interest in the land to the company does not deprive her of her standing in equity to have the value of the dower ascertained and the fund freed from claim of dower.

2. DOWER—*in Illinois a common law wife is entitled to dower.* In Illinois every marriage is a marriage for all purposes and is attended with the same civil rights and obligations, and a common law wife is entitled to dower in all the lands of which her husband was seized during coverture, provided she has not joined in her husband's conveyance thereof or released or barred her dower.

3. SAME—*what instrument does not amount to release of dower.* An instrument purporting to be a release of personal claims of a

common law wife against her husband cannot be held to be a release of an inchoate right of dower, (which is not a personal claim against a husband,) particularly where the husband, by his answer to a bill for separate maintenance, sets up the instrument as evidence that no common law marriage relation existed between him and complainant and alleges that the sole purpose of the agreement was to compensate complainant for her past relations with him.

4. SAME—*dower need not be assigned to widow in each tract separately.* Under the statute, dower need not be assigned to the widow in each tract separately, but may be allotted in a body out of one or more tracts of land, when it can be done without prejudice to the interest of any person interested in the premises.

5. SAME—*estate of grantor is ultimately liable to make good his covenants of warranty.* Where the grantor in a warranty deed describes himself as a bachelor, his estate is liable to make good his covenants of warranty in the event of a subsequent claim of dower in the premises by his common law wife.

6. SAME—*when equity may transfer dower interest to lands of which the husband died seized.* Where a person having a common law wife executes a warranty deed to land, describing himself as a bachelor, and the land passes to innocent purchasers by *mesne* conveyances containing full covenants of warranty, a court of equity, in a proceeding by the common law wife to assign dower in such land, may transfer the dower interest to lands of which the husband died seized at his death, where his estate over and above his debts is sufficient for that purpose.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

JOHN T. MURRAY, for appellant.

PADDOCK, FURNESS, CLARKSON & RUTTER, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

On September 1, 1888, Charles G. Hutchinson, now deceased, being the owner in fee of the east forty-one feet of original lot 10, in block 45, in the original town of Chicago, in Cook county, Illinois, conveyed said premises by warranty deed to Coit & Co., a corporation, describing himself in the deed as a bachelor and executing it alone.

Thereafter, in 1899, Jennie C. Hutchinson brought suit for separate maintenance in the circuit court of Cook county against said Charles G. Hutchinson, and it was established by the decree rendered in that cause, which was affirmed by this court in *Hutchinson* v. *Hutchinson,* 196 Ill. 432, that said Charles G. Hutchinson and Jennie C. Hutchinson had contracted a valid common law marriage in April, 1875, and had lived and cohabited together as husband and wife until about the month of October, 1884, at which time Charles G. Hutchinson, without good cause, abandoned his said wife and the four children who had been born unto them and had ever since neglected and refused to provide for them. Subsequently, appellee, Marion J. Lavery, by *mesne* conveyances and without any knowledge of the said marriage or the suit for separate maintenance, became the owner in fee of said premises, each of the deeds in her chain of title from Coit & Co. containing covenants of warranty. After appellee obtained title to the premises, and on January 19, 1907, the Chicago and Northwestern Railway Company instituted a proceeding in the superior court of Cook county to condemn said premises for railway purposes, making appellee and her husband defendants thereto. On September 12, 1907, Jennie C. Hutchinson became a party to the condemnation proceeding by filing her cross-petition therein, in which she alleged that she intermarried with Charles G. Hutchinson in April, 1875; that her husband died February 25, 1907, leaving her as his widow; that during the time of their marriage her husband, Charles G. Hutchinson, was seized in fee simple of said real estate, and that upon his death she became entitled to dower in the premises, which dower has never been assigned or set off to her and that she has never received any compensation or equivalent therefor, and praying for assignment of dower in the premises and for an award for the amount of her damages therefor separate and apart from any award to the owner of the fee. On September 20, 1907, the su-

perior court entered an order finding the allegations of the cross-petition to be true and that Jennie C. Hutchinson was entitled to dower in the premises but reserving the question of the value of such dower for future determination by the court. Thereafter, with the consent of Jennie C. Hutchinson, appellee and the railway company agreed upon $55,000 as the value of the premises and as the just compensation to be paid therefor, and upon the execution and delivery of a warranty deed to the premises by appellee to the railway company $42,500 was paid by the railway company to appellee, and the balance, $12,500, was deposited with the Northern Trust Company in trust, to pay therefrom to Jennie C. Hutchinson whatever sum should be finally fixed by the court as the value of her dower in said premises, the surplus, if any, to be paid to appellee.

On November 17, 1907, appellee filed her bill of complaint in the circuit court of Cook county against the widow, heirs, legatees and devisees of Charles G. Hutchinson, deceased, Douglas W. Hutchinson, as executor of the last will and testament of said deceased, and the Northern Trust Company, praying that the value of the dower of Jennie C. Hutchinson in said premises be determined; that the premises, and the just compensation standing in lieu thereof, be relieved from the charge of said dower, and that the value of the dower, when ascertained and fixed by the court, be made a charge upon the lands whereof Charles G. Hutchinson died seized or upon the personal estate left by him, or upon both, as to the court should seem proper, and that the Northern Trust Company be ordered to pay appellee the sum of $12,500 so held by it in trust. Issues were formed upon the bill and the cause was referred to the master to take the proofs and report the same to the court, together with his conclusions as to the law and facts. The master found all the material issues of fact in favor of the complainant, and reported his conclusions as to the law to be that the estate of Charles G. Hutchinson, de-

ceased, is liable for an amount equivalent to the value of the dower of Jennie C. Hutchinson in the premises, and that in order to prevent multiplicity of suits and circuity of action the dower right should be made a lien upon and satisfied out of the real estate in Cook county owned by Charles G. Hutchinson at the time of his death, and that the $12,500 held by the Northern Trust Company should be turned over to appellee.

Upon the filing of the master's report the court overruled the exceptions of the defendants thereto and entered a decree finding that Jennie C. Hutchinson, as the widow of Charles G. Hutchinson, is entitled to dower in said real estate, and that on account of improvements to the premises which had been made since the conveyance by her husband to Coit & Co., her dower should be computed upon a valuation of $50,500; that Charles G. Hutchinson died February 25, 1907, seized and possessed of real estate in Cook county of the value of not less than $125,000 and of personal property of the value of not less than $125,000, and that the claims against his estate do not exceed the sum of $52,000; that the estate of Charles G. Hutchinson is liable to Jennie C. Hutchinson for the value of said dower, and that she is entitled to a lien upon the real estate in Cook county owned by Charles G. Hutchinson at the time of his death to secure to her the value of said dower; and it was ordered and decreed that the premises taken by the railway company and the $12,500 held by the Northern Trust Company be released and freed from the dower of and any claim of dower by Jennie C. Hutchinson therein, and that the Northern Trust Company pay over to appellee said sum of $12,500 within three days from the entry of the decree, and that the dower of Jennie C. Hutchinson in said premises, computed upon the sum of $50,500, be made a lien and charge upon the real estate in Cook county owned by Charles G. Hutchinson at the time of his death. From that decree Douglas W. Hutchinson, as executor of

the last will and testament of Charles G. Hutchinson, deceased, has alone prosecuted this appeal, and urges as grounds for reversal: First, that appellee has no standing in a court of equity, because at the time she filed her bill herein she had conveyed all her interest in the premises to the railway company; second, that a common law wife is not entitled to dower in the real estate of her husband, and that Jennie C. Hutchinson was therefore not entitled to dower in the real estate in question; third, that if a common law wife is entitled to dower, Jennie C. Hutchinson had released her dower and claim for dower in the premises by accepting $4100 from Charles G. Hutchinson and executing and delivering to him the following instrument on October 13, 1892:

"I, Jennie Curtis, of the city of Chicago, county of Cook and State of Illinois, do hereby certify that I have this day received of Charles G. Hutchinson the sum of forty-one hundred ($4100) dollars in full of all demands I have or may have against the said Charles G. Hutchinson by reason of past relations or for any cause whatever; and I further certify that in consideration of the payment of the above sum, the receipt of which I hereby acknowledge, I have on this date freely discharged and released the said Charles G. Hutchinson from any and all claims and obligations to me.

JENNIE CURTIS."

—and fourth, that dower can only be assigned in the specific lands conveyed by the husband during his lifetime where the wife did not join in the conveyance and has not otherwise released her dower therein, and that a court of equity has no power to transfer such encumbrance to lands owned by the husband at the time of his death. These questions will be considered in the order stated.

The first contention of appellant is not well founded. While it is true that appellee had conveyed her interest in the premises to the railway company, it was not as the result of the ordinary barter and sale of real estate. The railway company had instituted proceedings for the condemnation of this property, as it had a right to do under the statute. During the progress of the proceedings, and

after the death of Charles G. Hutchinson, Mrs. Jennie C. Hutchinson intervened, claiming dower. The court having sustained this claim in the condemnation proceeding and having held that she was entitled to dower, and the right of the railway company to condemn having been established, there was nothing left to do in that proceeding except to ascertain the amount which the railway company should be required to pay for the property. The three persons interested in that condemnation, namely, the railway company, appellee and Mrs. Hutchinson, having agreed upon the value of the property, and that amount having been paid by the railway company, appellee and Mrs. Hutchinson each sustained the same relationship to that fund as they would have sustained had the value of the property been determined by a jury, a judgment entered accordingly and the amount awarded by the judgment paid by the railway company. Under these circumstances the fund thus produced took the place of the land and became liable to precisely the same burdens in respect to the dower of Mrs. Hutchinson as the land was under. (*Bonner* v. *Peterson,* 44 Ill. 253.) It must therefore follow that appellee has the same standing in a court of equity to prosecute this suit as she would have had had this conveyance not been made in settlement of the condemnation proceeding.

As to the second contention, it having been determined in *Hutchinson* v. *Hutchinson,* 196 Ill. 432, that the relationship of husband and wife existed between Charles G. Hutchinson and Jennie C. Hutchinson by virtue of a private contract or common law marriage, it only remains to be determined what rights a wife acquires by virtue of such a marriage in this State. Under the laws of this State as they existed at the time of the marriage of Charles G. Hutchinson and Jennie C. Hutchinson, in 1875, a wife by a common law marriage secured all the rights that she would have secured had the marriage been performed in the method prescribed by statute. It is contended that in

England, under the old common law, the wife by common law marriage did not have the right of dower, and as the common law of England has been adopted as the law of Illinois, except where modified by statute, the wife by such a marriage is not entitled to dower in this State. It is true that in England, by the ancient common law, the wife by a common law marriage was not entitled to dower. That contract of marriage, however, was binding and indissoluble. The ecclesiastical courts in England had exclusive jurisdiction to determine the question of the legality of a marriage, and as a result of the holdings of that court the wife of such a marriage was not entitled to dower and the children of the marriage were illegitimate. The marriage relation so entered into was thus robbed of most of the essential incidents which attached to it when entered into according to the methods prescribed by the ecclesiastical law. The husband or wife of such a marriage could, by bringing suit in the spiritual court, compel the other to solemnize the marriage in the manner prescribed by that tribunal, and the evident design of the ecclesiastical court was to make it compulsory upon such persons as should enter into a private contract of marriage, to solemnize the marriage according to the rules and regulations prescribed by the church. (1 Scribner on Dower, chap. 6.) In this State, there being a separation of church and State, we have no court which corresponds to the old spiritual or ecclesiastical court of England, and we have not adopted, without modification, the rule of the common law on this subject. Accordingly we have held that the children of a common law marriage are legitimate and are the legal heirs of their father. (*Robinson* v. *Ruprecht,* 191 Ill. 424.) Every marriage in this State is a marriage for all purposes and is attended with all the civil rights and obligations which the law confers and imposes upon persons who enter into the marriage relation. Jennie C. Hutchinson is entitled to dower in all the lands of which her husband, Charles G.

Hutchinson, was seized during coverture, provided she has not released or barred her claim to such dower, and as he conveyed these premises during coverture, the wife failing to join in the conveyance, she is entitled to have her dower assigned in the same.

It is next contended that in case a common law wife is entitled to dower, Mrs. Hutchinson has released her dower or claim for dower in the premises by accepting $4100 from her husband and executing the instrument above set forth. There is no virtue in this contention. The instrument does not pretend to be a release of the right of dower. It expressly states that it is a release of all demands which she had or may have against her husband by reason of past relations or for any cause whatever, and that she freely discharged and released him from any and all claims and obligations to her. The instrument pretends only to be a release of personal claims against her husband, and under no construction can it be said to have contemplated the release of her right of dower. The inchoate right of dower does not constitute a personal claim against the husband, but is a right that may ripen into an interest in his real estate in case he should pre-decease her. Aside from the fact that this is the plain meaning of the instrument, we have conclusive proof that Charles G. Hutchinson himself never regarded this instrument as one releasing the right of dower. His answer, which was filed in the suit for separate maintenance, was offered in evidence in this case. It sets up this same instrument as being an evidence of the fact that the marriage relation had never existed between himself and Jennie C. Hutchinson, and, referring to the instrument, states: "That said agreement was entered into by this defendant for the sole and only purpose of satisfying her, said complainant, and compensating her for her past relations with this defendant, and that such agreement was entered into freely and voluntarily and without duress of any kind, and that at the time such agreement

was entered into she freely and voluntarily admitted there
was no marriage relationship existing between her and the
defendant herein and their connections and relationship
were entirely outside of the laws relating to marriage."
Thus, in the most solemn way known to the law, Charles
G. Hutchinson admitted that he had not paid her this sum
of money for the purpose of having her waive any right
which she had acquired by virtue of the marriage relation,
but that when he paid the money it was understood between
them that it was not paid to procure the release of any
marital rights.  The court did not err in refusing to con-
sider this instrument as a release of dower.

It is finally contended that dower can only be assigned
in the specific lands conveyed by the husband where the
wife does not join, and that a court of equity has no
power to transfer such dower interest to the lands owned
by the husband at the time of his death.  This question has
been decided adversely to the contention of appellant in
*Longshore* v. *Longshore,* 200 Ill. 470.  In that case, as
here, the grantee was endeavoring to have the dower of
the widow of his grantor, who did not join in the deed to
him, assigned to her out of the lands of which her husband
had died seized.  In holding that the lands of the grantee
in that case, whose conveyance was by a warranty deed,
should be freed from the claim of the wife for dower there-
in and that the dower of the widow should be assigned en-
tirely from the lands of which her husband died seized, we
quoted with approval from 2 Scribner on Dower, (2d ed.
p. 106,) as follows:  "If a husband has aliened part of
his lands with warranty and left other lands in the same
county which descend to the heir, the whole of the widow's
dower is to be assigned to her out of the descended land,
if it is of sufficient value, in exoneration of the alienee."
Under our statute, dower need not be assigned to the
widow in each tract separately, but may be allotted in a
body out of one or more of the tracts of land, when the

same can be done without prejudice to the interest of any person interested in the premises. The estate of Charles G. Hutchinson is ultimately liable to make good the covenants of warranty in his deed to these premises, and as we said in *Longshore* v. *Longshore, supra,* in reference to the facts there involved: "Having the power to allot dower in a body, it would seem to be equitable to include in the allotment the dower in the tract which had been conveyed to appellant with warranty, where the other heirs have received the estate by descent and are to the extent of it liable to make such warranty good." So here, the statute having authorized the allotment of dower in a body, it would be inequitable to deny the relief sought by this bill and allot dower separately in the tract conveyed to appellee. Each conveyance of these premises, from that of Charles G. Hutchinson to the one by which the appellee obtained title, contained full covenants of warranty. Those who have received the estate of Charles G. Hutchinson are, to the extent of it, ultimately liable to make his covenants of warranty good. Under such circumstances, and to avoid the multiplicity of suits which must necessarily follow the action of Mrs. Hutchinson in establishing her dower interest in this property, a court of equity has the power and jurisdiction to transfer the dower encumbrance from this property to the real estate of which Charles G. Hutchinson died seized. When so transferred such encumbrance will constitute an additional burden in favor of the widow upon the lands of which her husband died seized, and by an appropriate action her dower may be allotted therein.

We find no error in the decree of the circuit court, and the same is affirmed.

*Decree affirmed.*