# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

THE AMERICAN WOOLEN COMPANY *et al.* Defendants in Error, *vs.* JACOB H. LESHER *et al.*—(BELLE LESHER, Plaintiff in Error.)—GEORGE F. VIETOR *et al.* Defendants in Error, *vs.* JACOB H. LESHER *et al.*—(BELLE LESHER, Plaintiff in Error.)

*Opinion filed February 17, 1915.*

1. SEPARATE MAINTENANCE—*decree in separate maintenance is not binding upon strangers to it.* The primary object of a separate maintenance suit is to obtain support for a wife living apart from her husband, and while the complainant must necessarily prove her marriage, yet the establishment of the marriage status is but an incidental issue, and the decree, while binding upon the parties, does not have the force of a decree *in rem,* and is not admissible in evidence, as against strangers to the separate maintenance suit, to establish the fact of the marriage.

2. LIS PENDENS—*when doctrine of lis pendens does not apply.* The fact that a bill for separate maintenance was filed before the execution by the defendant of trust deeds upon his real estate does not authorize the application of the doctrine of *lis pendens,* where the bill, though it alleged that the defendant owned real estate in certain localities mentioned, did not describe the particular land upon which the deeds were given nor assert any claim or right in any specific parcel nor ask that any of the land be set off to the complainant.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

ALBERT H. FRY, for plaintiff in error.

MOSES, RÓSENTHAL & KENNEDY, and WHITMAN & MILLER, (WALTER BACHRACH, of counsel,) for defendants. in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

These cases come to this court upon writs of *certiorari* issued to review the judgments of the Appellate Court for the First District affirming decrees of the superior court of Cook county foreclosing two trust deeds describing different real estate and both executed by Jacob H. Lesher. In one of the foreclosure proceedings the American Woolen Company of New York *et al.* were complainants, and in the other George F. Vietor *et al.* were complainants. The plaintiff in error was a defendant to the bills in both cases by the name of Belle Scramlin, *alias* Belle Lesher. The bills allege she claimed some interest in the premises, but that whatever interest she might have was subordinate to and subject to the liens of the trust deeds. May Charter Lesher was also made a defendant to both bills as the wife of Jacob H. Lesher. As the questions involved in both cases are precisely the same they were consolidated for hearing and will be disposed of in one opinion.

Plaintiff in error answered the bills, denying that May Charter Lesher was the wife of Jacob H. Lesher or ever had been, and alleged she, Belle Lesher, is the true and lawful wife of Jacob H. Lesher, and while neither admitting nor denying the execution of the trust deeds by Jacob H. Lesher, the answer averred that if any such conveyances were made they were subject to the dower right of plaintiff

in error as the lawful wife of Jacob H. Lesher, she never having joined in such conveyances. The causes were referred to a master in chancery to take the testimony and report the same, together with his conclusions of law and fact. On the hearing before the master plaintiff in error offered in evidence and relied upon a decree of the circuit court of Cook county rendered July 15, 1911, in a separate maintenance suit, in favor of plaintiff in error, as complainant, against Jacob H. Lesher, as defendant. In that suit plaintiff in error filed a bill against Jacob H. Lesher for separate maintenance, in which she alleged she was his wife, that her husband was living separate and apart from her without her fault, and was then living in adultery with another woman. The bill alleged that the defendant was the owner of real estate, none of which was particularly described, and prayed that a decree be entered against him requiring him to pay such sum for the support and maintenance of plaintiff in error as to the court should seem meet. Jacob H. Lesher answered the bill in that case, denying he was the husband of plaintiff in error or that he ever had been married to her, and alleged he was the husband of May Charter Lesher, with whom he was then living. A hearing in the circuit court resulted in the defeat of plaintiff in error and a dismissal of her bill for want of equity. The case went through the Appellate Court and this court. (*Lesher* v. *Lesher*, 159 Ill. App. 432; *Lesher* v. *Lesher*, 250 Ill. 382.) While the appeal was pending in the Appellate Court a confession of errors and a stipulation that the decree be reversed was filed in the Appellate Court by Jacob H. Lesher. The Appellate Court affirmed the decree and the case was brought to this court by writ of *certiorari*, resulting in a reversal of the judgment of the Appellate Court and the decree of the circuit court and a remanding of the case to the circuit court. On the second trial in the circuit court plaintiff in error was successful and obtained a decree awarding her separate maintenance

in the sum of $156 per year, payable semi-annually, as the wife of Jacob H. Lesher. It was the decree in that separate maintenance suit which plaintiff in error offered and relied upon to establish that she was the wife of Jacob H. Lesher. The master ruled that the decree was not competent evidence, and thereupon plaintiff in error prepared, and asked leave of the court to file, a cross-bill, in which she set up the pleadings, proceedings and decree in the separate maintenance suit. It was stipulated between the parties that in determining the question of the propriety of the master's ruling in excluding the decree from the evidence it should be considered the same as if the decree had been offered in evidence before the chancellor, it being the intention of the parties to obtain a ruling of the court upon the correctness of the master's ruling before he had reported, in order that a re-reference might be avoided. The court agreed with the master's ruling and denied leave to file the cross-bill. The master reported recommending decrees of foreclosure as prayed in the bills. In his reports he sets out the claim of plaintiff in error, as alleged in her answer, to be the wife of Jacob H. Lesher, the offer in evidence of the certified copy of the separate maintenance decree by her to establish her claim as such wife, and his action in refusing to admit it as competent evidence. Exceptions to the report by plaintiff in error were overruled and decrees entered in accordance with the prayer of the bills. Those decrees were affirmed by the Appellate Court for the First District, and the judgments of that court are brought in review here by writs of *certiorari*.

No other evidence was offered on the hearing to establish the allegations of plaintiff in error's answer that she is the wife of Jacob H. Lesher except the decree in the separate maintenance suit, and the competency and sufficiency of the decree for that purpose is the sole question presented for our decision.

The determination of the question involved in these cases depends mainly upon whether the decree in the separate maintenance suit was a decree *in rem* and conclusive against all the world as to any and all facts established in that proceeding, or whether it is to be regarded as a decree in an action *in personam* and binding only upon the parties to the suit and their privies.

A separate maintenance suit is authorized by statute, (Hurd's Stat. 1913, chap. 68, par. 22,) which provides that married women who without their fault are living separate and apart from their husbands may have their action in equity against their husbands for a reasonable support and maintenance while living separate and apart, and in determining the amount to be allowed reference shall be had to the condition of the parties in life and the circumstances of the respective cases. It would seem entirely clear that the object and purpose of the statute are to authorize a wife who without her fault is living separate and apart from her husband to compel him to support her. While the suit can only be maintained by a wife against her husband, the statute was not intended to, and does not purport to, authorize a proceeding to establish the marriage status. The purpose of the act was to enable a wife to secure from her husband money or property for her support. Necessarily, to succeed she must prove the marriage, but that is only incidental to the primary object of the suit, which is support and maintenance. The decree in such cases is binding upon the parties and their privies but not upon strangers to it. *Lavery v. Hutchinson,* 249 Ill. 86, and *Hutchinson* v. *Hutchinson,* 250 id. 170, are not in conflict with this view.

In *Hilton* v. *Roylance,* (Utah) 58 L. R. A. 723, Mrs. Annie F. A. Hilton, claiming to be the widow of Dr. Parks, brought suit to recover her interest in certain real estate Dr. Parks had owned and sold during their marriage without her joining in the conveyances. A hearing was had and the trial court found Mrs. Hilton was not the widow

of Dr. Parks. On appeal the Supreme Court held the evidence established her marriage to Dr. Parks, and the judgment was reversed and the cause remanded, with directions to enter judgment in favor of Mrs. Hilton. In *Hilton* v. *Stewart,* 25 Utah, 161, Mrs. Hilton claimed an award out of the estate of Dr. Parks as his widow, pending the administration, and there was judgment in her favor. *Hilton* v. *Snyder,* 37 Utah, 384, was another suit brought by Mrs. Hilton, as widow of Dr. Parks, for dower. In that case the claimant insisted the findings and judgments in the two previous cases were competent evidence to prove her marriage to Dr. Parks. The trial court ruled against her, and upon appeal to the Supreme Court the ruling of the trial court was sustained. It was contended by counsel in the Supreme Court that in the previous cases Mrs. Hilton's status as the lawful wife of Dr. Parks was adjudicated and established, and the judgments in those cases should have been admitted in evidence against those claiming the land, as grantees of Dr. Parks, in which she sought to recover dower. Those claiming the land as grantees of Dr. Parks in the *Snyder case* had no interest in the subject matter of the litigation involved in the *Roylance* and *Stewart cases,* and did not contest, and could not have contested, Mrs. Hilton's claim in those cases. Their rights became involved when Mrs. Hilton attempted to enforce her claim to dower in land in which they were interested. The court held the defendants in the *Snyder case* were not bound by any fact or facts determined in the previous cases; that the purpose of those cases was not merely to establish the status of Mrs. Hilton, but to have her rights in Dr. Parks' estate, as widow, adjudicated and determined, and that the judgments in the former cases were not admissible in evidence against the defendants in the later case. The court further held that a judgment in a proceeding authorized by law for the establishment of the status of an individual, like an inquisition of lunacy or naturalization proceedings, is a judg-

ment *in rem,* and may ordinarily be used as evidence against all the world for the purpose of proving the status is what it is declared to be in the judgment, but where the status, although a material, is only an incidental issue, the judgment is not admissible in evidence against strangers to it. The court said, in part: "If an action, although prosecuted by one individual against another, is instituted for the sole purpose of changing or declaring the status of one or both the parties to the action, then, in the absence of fraud or collusion in obtaining the judgment, it is binding upon all the world as well as the parties and their privies; but if the status is merely incidentally involved, the judgment, although fixing the status of either or both parties, is not admissible, as against strangers, as evidence of the status." The opinion is a well considered one, and an examination of the cases cited in it shows it is supported by the great weight of authority. Indeed, we have found no case where the same question was directly raised which was decided to the contrary.

A well considered case where the same principle was involved is *Shores* v. *Hooper,* 153 Mass. 228, (26 N. E. Rep. 846.) In that case a woman claiming to be the daughter and only heir of Franklin Ellis brought an action to recover a tract of land. The title of the defendant in possession was based on a conveyance from nieces of Ellis who claimed to be his only heirs. The existence of the plaintiff was unknown at the time of the death of Ellis and his estate was distributed by the administrator to the nieces as his heirs. Afterwards the plaintiff appeared and instituted proceedings against the administrator in the supreme court of probate, and obtained a decree ordering the account of the administrator to be re-opened, charging him with the money he had paid the nieces as supposed heirs of the deceased, and authorizing an action on the administrator's bond for the benefit of plaintiff, as the daughter and only heir of Ellis. In the suit to recover land from a grantee

of the nieces plaintiff offered in evidence and relied upon the decree in the former proceeding wherein she was adjudged to be the daughter and only heir of Ellis. The Supreme Court of Massachusetts held the decree was inadmissible; that while the plaintiff, to succeed in the proceeding against the administrator, was obliged to establish her status as the child of Ellis, that suit did not in any manner deal with the real estate sold by the nieces, but only dealt with the administrator in his management of the personal property and could not bind the grantees of the nieces in an action by the daughter to recover the land. The court said the decree rendered in the suit against the administrator no more bound or estopped the claimant of the land than it would have bound the plaintiff in the suit to recover the land if the decree in the suit against the administrator had found plaintiff was not the daughter and heir of Ellis. The Massachusetts case was decided before the Utah case and is cited in the opinion of the Supreme Court of Utah. The decisions in both cases, and others cited in the opinions, are based upon what appears to us to be sound reasoning and justice. Other cases not cited in the opinions in the Massachusetts and Utah cases referred to, which sustain those decisions, are *Gourand* v. *Gourand,* 3 Redfield, 262; *Oborn* v. *State,* 143 Wis. 249; 31 L. R. A. (N. S.) 966; *Luke* v. *Hill,* 137 Ga. 159; 38 L. R. A. (N. S.) 559.

The superior and Appellate Courts did not err in holding the decree in the separate maintenance suit was inadmissible for the purpose of establishing the marriage status against defendants in error, who were neither parties nor privies to that suit. It was incumbent upon plaintiff in error to prove her marriage to Jacob H. Lesher, which she might have done by any competent testimony, but defendants in error had a right to contest plaintiff in error's claim as wife, and could not be concluded upon that question by the decree rendered in the separate maintenance suit.

Plaintiff in error contends that as the trust deeds were executed after she had filed her bill for separate maintenance, defendants in error took *lis pendens.* In order to bring the doctrine of *lis pendens* into effect it is essential that the litigation should be about some specific thing which will necessarily be affected by the determination of the suit. The particular property involved must be so pointed out as to warn the world that they may intermeddle at their peril. (Freeman on Judgments, secs. 196-198.) The same author says, in a suit for divorce and alimony, if the complainant does not designate particular property and seek to subject it to the wife's claims or have it set aside as hers or for her use, the doctrine of *lis pendens* does not apply. To the same effect are *Sapp* v. *Wightman,* 103 Ill. 150; *Powell* v. *Campbell,* (Nev.) 2 L. R. A. 615; *Wilkinson* v. *Elliott,* 43 Kan. 590; 19 Am. St. Rep. 158, and authorities referred to in those cases. (See, also, 25 Cyc. 1454, 1459; 2 Am. & Eng. Ency. of Law, 132.) The bill of plaintiff in error in the separate maintenance suit did not specifically describe the real estate involved in this litigation. It alleged Jacob H. Lesher was the owner of certain real estate in certain localities mentioned, but asserted no claim or right in any specific parcel and did not ask that any of the land be set off or assigned to the complainant therein. Under all the authorities the pendency of the suit was not notice that affected the rights of purchasers.

The denial of leave to plaintiff in error to file a cross-bill did not prejudice her, for the decree in the separate maintenance suit could be no more competent and conclusive against defendants in error if offered under a cross-bill than if offered under an answer to the original bill.

The judgments of the Appellate Court are affirmed.

*Judgments affirmed.*