# Staunton.

## DORKIS HARMON v. THOMAS E. PEERY.

### September 20, 1923.

1. DOWER—*Land Sold by Husband in his Lifetime—Husband Possessed of other Lands from which Wife may be Endowed.*—Where a husband has sold and conveyed with warranty of title a portion of his real estate, without the concurrence of his wife, and dies seized and possessed of other real estate, a court of equity will usually require the widow to accept an assignment of the whole of her dower out of the estate of which the husband died seized, and which was ultimately liable to sustain the whole charge of her dower right in lands conveyed with such warranty, provided such allotment can be made without injustice to the widow. And there seems no reason why the same rule should not apply where the land is sold by a court, during coverture, to pay the husband's debts.

2. DOWER—*Land Sold by Husband in his Lifetime—Bill not Alleging whether or not Husband was Possessed of other Lands from which Wife might be Endowed—Case at Bar.*—In a suit by a widow to have her dower assigned the bill alleged that her husband was seized of an estate of inheritance in a tract of land during coverture; that it was sold under a decree of court to pay judgment liens which represented debts contracted by him subsequent to their marriage, and that she had never assigned or relinquished her dower right therein. Defendant demurred to the bill on the ground that it did not disclose on its face whether or not the husband had other lands at the time of his death out of which his widow could be endowed.

   *Held:* That the court erred in sustaining the demurrer, as under the allegations of the bill the widow was clearly entitled to dower in the land under the very language of section 5117 of the Code of 1919.

3. DOWER—*Assignment of Dower—Remedy of Purchaser of Lands Conveyed in Husband's Lifetime where Husband Died Seized of other Lands.*—The bill of a widow asking for assignment of dower in lands of her husband sold in his lifetime under a decree of court in satisfaction of his debts, stated a *prima facie* case, and if the defendant desired to have the lands relieved of the widow's claim, and could show that her husband owned other lands at the time of his death, his remedy was to file an answer and cross-bill setting forth the facts and making the heirs and devisees of the husband parties defendant.

Appeal from a decree of the Circuit Court of Smyth county.   Decree for defendant.   Complainant appeals.

*Reversed.*

The opinion states the case.

*Buchanan & Buchanan*, for the appellant.

*George F. Cook*, for the appellee.

WEST, J., delivered the opinion of the court.

Hezekiah Harmon died in 1921 and in 1922 his widow, Dorkis Harmon, instituted this suit to have her dower assigned to her in a tract of land containing 201 acres, in which her husband was seized of an estate of inheritance during the coverture.   The decrees complained of denied the relief prayed for and the case is before us on an appeal.

The bill alleges that Hezekiah Harmon, during his lifetime, and subsequent to his marriage with complainant, became heavily indebted, and judgments being obtained against him, a chancery suit was instituted to enforce the liens of the judgments; that the tract of 201 acres was sold under a decree of the Circuit Court of the county of Wythe, Virginia, to satisfy the judgments and purchased by Geo. V. Kelly, H. M. Kelly and J. R. Kelly and conveyed to them under a decree of the court by Geo. W. Richardson, special commissioner appointed for that purpose; that afterwards H. M. Kelly and J. R. Kelly conveyed all their interests in said land to Geo. V. Kelly, who later, to-wit, on November 13, 1920, conveyed the land to Thomas E. Peery, the defendant; that she has never assigned or relinquished her right of dower, either while it was contingent during the life of

her husband, or after it became vested, from the time of his death; and that since the real estate was an estate of inheritance, vested in her husband during coverture, she is entitled to dower therein.

The defendant demurred to the bill of complaint on the ground that it was not sufficient in law, because, (a) the bill does not disclose on its face whether or not Hezekiah Harmon had other lands at the time of his death out of which his widow, Dorkis Harmon, could be endowed, and (b) the bill does not allege whether or not the liens under which the land in question was sold were paramount to complainant's right of dower. No answer was filed and the case was heard upon the demurrer.

The court sustained the demurrer and remanded the case to rules with leave to the complainant to amend her bill. The complainant declined to amend her bill and by a subsequent decree the same was dismissed. From these decrees this appeal was granted.

[1] It is true that where the husband has sold and conveyed with warranty of title a portion of his real estate, without the concurrence of his wife, and dies seized and possessed of other real estate, a court of equity will usually require the widow to accept an assignment of the whole of her dower out of the estate of which the husband died seized, and which was ultimately liable to sustain the whole charge of her dower right in lands conveyed with such warranty, provided such allotment can be made without injustice to the widow. Minor on Real Property, sec. 349; 19 C. J., p. 578; Graves' Notes on Real Property, p. 550; *Harrington* v. *Harrington,* 142 N. C. 517, 55 S. E. 409, 9 Ann. Cas. 489; 2 Scribner on Dower (2d ed.), p. 106.

We know of no reason why the same rule should not apply where the land is sold by the court, during coverture, to pay the husband's debts.

But this rule recognizes the widow's right to dower in lands which were aliened by the husband during coverture, and permits the purchasers to have such right of dower assigned in land of the husband which descends to his heirs.

[2] The Code of Virginia, 1919, sec. 5117, provides in terms, that "a widow shall be endowed of one-third of *all* the real estate whereof her husband, or any other to his use, *was at any time* during coverture, seized of an estate of inheritance, unless her right to such dower shall have been lawfully barred or relinquished." (Italics supplied.)

Since the complainant's bill alleged that her husband was seized of an estate of inheritance in the tract of land containing 201 acres, *during coverture*, and that it was sold under a decree of the court to pay judgment liens which represented debts contracted by him subsequent to their marriage, and that she has never assigned or relinquished her dower right therein, either contingent or vested, she was clearly entitled to dower in the land, under the very language of the statute.

It was held in *Mettler* v. *Warner*, 243 Ill. 600, 90 N. E. 1103, 134 Am. St. Rep. 388, that it is not necessary for a widow to name, in her bill for the assignment of her dower, all the land whereof her husband was seized of an estate of inheritance during coverture.

[3] The court erred in sustaining the demurrer to the bill and dismissing the suit. The bill stated at least a *prima facie* case, and if the defendant desired to have the 201 acres relieved of the widow's claim, and could show that the husband owned other lands at the time of his death, his remedy was to file an answer and cross-bill setting forth the facts and making the heirs and devisees of the husband parties defendant.

This case is controlled by *Bragg* v. *Tinkling Land Co.*,

115 Va. 1, 78 S. E. 541.   The bill in that case was filed by the widow to have her dower assigned to her in 423½ acres of land owned by her husband during the cover-ture and upon which he gave a deed of trust, in which she did not unite, to secure the payment of his debts, and alleged that the husband became a bankrupt and the land was sold under a decree of the bankrupt court, subject to the dower rights of the widow; that subse-quently the purchaser subdivided it into town lots and sold them and they are now owned by numerous alien-ees; that about 350 acres of the original tract of 423½ acres constituted a valuable farm in which her dower might be assigned in kind; and that she had never re-linquished her dower in any of the land, except a small portion acquired by the Virginian Railway.   The bill made no mention of any other land owned at any time by the husband, and only made the various alienees parties defendant.

The defendants filed a joint and separate answer, averring that the husband of the complainant died seized and possessed of certain other lands in the same county, one tract of 31½ acres and an undivided half interest in another tract of 178½ acres, and insisted that the dower of the complainant be assigned her out of these lands.

In deciding the case, Judge Harrison, speaking for the court, held that the bill stated a *prima facie* case en-titling the complainant to the relief asked; that it being admitted that the lands owned by the husband at his death were in the possession of his heirs, no decree upon the merits should be entered until the heirs were made parties; and that inasmuch as the defendants were seek-ing to exonerate their land from the burden of the widow's dower right therein by having same transferred to the land held by the heirs, it was incumbent upon

them to file a cross-bill alleging the facts entitling them to such exoneration and making the heirs parties defendant.

The decree complained of will be reversed, and the cause remanded for further proceedings, not in conflict with the views herein expressed.

*Reversed.*