Syllabus.

# 𝔖taunton.

## DORKIS HARMON, ET ALS. v. THOMAS E. PEERY.

### September 23, 1926.

1. STARE DECISIS—*Law of the Case—Mere Expressions of Opinion.*—What was decided in a case pending on the appeal is not open to reconsideration in the same case on a second appeal upon similar facts. The first decision is the law of the case and must control its disposition; but this rule does not apply to expressions of opinion on matters the disposition of which was not required for the decision, and certainly not to matters which were neither mentioned nor necessary to be considered.

2. STARE DECISIS—*Dicta—Obiter Dicta.*—*Dicta* are opinions of a judge which do not embody the resolution or determination of the court and, made without argument or full consideration of the point, are not the professed deliberate determinations of the judge himself. *Obiter dicta* are such opinions uttered by the way, not upon the point or question pending, as if turning aside from the main topic of the case.

3. STARE DECISIS—*Law of the Case—Whether Bill for the Assignment of Dower Made out a Prima Facie Case—Expression of Opinion that Rule as to Exoneration from Dower of Land Sold by Husband with General Warranty Applied to Judicial Sales—Case at Bar.*—In the instant case the only question before the Supreme Court of Appeals, on the first appeal, was whether a bill filed by a widow made out a *prima facie* case for the assignment of dower out of the land described in the bill. The trial court held that it did not and the Supreme Court of Appeals that it did. Therefore, an expression in the opinion on the first appeal that the court knew of no reason why the rule exonerating from dower land sold by the husband with general warranty, where the husband died seized of sufficient other real property, should not apply to judicial sales, was *dictum*, and was not controlling on the second trial.

4. DOWER—*When Widow Entitled to Dower.*—A widow is dowable in one-third of all the real estate whereof her husband, or any other to his use, was at any time during coverture, seized of an estate of inheritance, unless her right of dower shall have been lawfully barred or relinquished.

5. DOWER—*Assignment—Separate Tracts.*—Under the common law, which

obtains in Virginia, as to assignments of dower, a widow is entitled, at her election, to have dower assigned to her in each separate tract of land owned by her husband during coverture.

6. DOWER—*Assignment of Dower—Separate Tracts—Rule in Equity.*— While the common law rule is that the widow is entitled to be endowed in each separate tract owned by her husband during coverture, courts of equity have departed from this inflexible rule of the common law and have required widows to accept assignment of the whole of their dower out of the estate of which their husbands died seized and which was ultimately liable to sustain the whole charge of the dower right in the lands conveyed with general warranty, when an equitable allotment can be made in one or more parcels and the interest of the estate of the decedent required it to be done.

7. DOWER—*Assignment of Dower—Separate Tracts—Rule in Equity— Obligation Upon the Estate to Make Good the Title of a Purchaser.*— In addition to protecting the widow's rights, there must be some obligation upon the estate to make good the title of a purchaser before the heirs can be charged with and the purchaser exonerated from dower.

8. DOWER—*Assignment of Dower—Equity—Exoneration of Tract Sold by Decree of Court—Case at Bar.*—A widow cannot be required by a court of equity to accept assignment of the whole of her dower out of the real estate of which her husband died seized, to the exoneration of a tract sold by decree of court to satisfy the debts of creditors, conveyed by deed of a special commissioner in which neither the husband nor wife joined and which was thus conveyed without the general warranty of the husband.

9. DOWER—*Purchaser at a Judicial Sale—Title Subject to Interest of Wife.*— The purchaser at a judicial sale, of lands subject to contingent dower, takes title not only subject to the inchoate interest of the wife, but he takes with no obligation on the part of heirs to make good a warranty. It is conclusively presumed that he paid a price in keeping with the title he purchased. Such a sale imports no covenants on the part of the former owner or his heirs, and there are no implied warranties with respect to such property.

Appeal from a decree of the Circuit Court of Smythe county. Decree for defendant. Complainant appeals.

*Reversed and remanded.*

The opinion states the case.

*Geo. F. Cook*, for the appellee.

*L. P. Summers* and *Buchanan & Buchanan*, for the appellant.

CHICHESTER, J., delivered the opinion of the court.

Dorkis Harmon, widow of H. Harmon, filed her bill in the Circuit Court of Smyth county against Thos. E. Peery, at the first January rules, 1922, in which she prayed that dower be assigned her in a 201 acre tract of land of which her husband had been seized during coverture, but which had been sold by decree of the Circuit Court of Wythe county during the lifetime of H. Harmon to satisfy his debts.    The sale was made through a special commissioner of the court and was conveyed to George V. Kelly, and was subsequently purchased by defendant in error, Thos. E. Peery. Neither H. Harmon nor his wife joined in the deed, and there was of course no general warranty of title, as to either of them.

The defendant, Thos. E. Peery, demurred to the bill on the ground that the bill did not allege that H. Harmon, at the time of his death, did not own other real estate.    The contention of course being that before the widow was *prima facie* entitled to dower out of the 201 acre tract it must appear from the bill that Harmon owned no other lands at the time of his death, sufficient in value to endow the widow of all the lands of which she was dowable, including the 201 acre tract, and that, if he did, then the 201 acre tract should be exonerated and the widow endowed out of the real estate of which Harmon died seized.

The trial court sustained the demurrer and gave the complainant leave to amend, which she declined

to do, and from a decree dismissing her bill an appeal was taken to this court, the decree reversed here and the cause remanded for further proceedings. *Harmon v. Peery*, 137 Va. 180, 119 S. E. 126.

The respondent then filed an answer and cross bill making the heirs of Harmon defendants as suggested in the above opinion, and averring that H. Harmon at the time of his death owned sufficient real estate in quantity and value to allot to his widow one third in value of all the real estate owned by him during coverture.

To this cross bill the defendants filed a demurrer and answer. The ground of demurrer is that the 201 acre tract was not conveyed to Geo. V. Kelly (predecessor in title of Peery) by H. Harmon with general warranty and that therefore the owner was not entitled to have it exonerated from dower at the expense of the heirs. The answer admits that Harmon died seized of ample other real estate which descended to the heirs, out of which the widow could be endowed.

There being no dispute as to the facts, the demurrer raised the purely legal question as to whether a widow should be required by a court of equity to accept assignment of the whole of her dower out of the real estate of which her husband died seized, to the exoneration of a tract sold by decree of court to satisfy the debts of creditors, conveyed by deed of a special commissioner, in which neither the husband nor wife joined and which was thus conveyed without the *general warranty* of the husband.

The trial court overruled the demurrer and dismissed the original bill. The effect of this action was to hold that the widow must accept her dower out of the lands of which her husband died seized and that the 201 acre tract sold for the debts of the husband

during his lifetime, should be exonerated. This action of the court presents the question for review upon this appeal.

The trial court based its decision, as stated in a written opinion filed with the record in the case, upon an expression used in *Harmon* v. *Peery*, 137 Va. 180, 119 S. E. 126, *supra*, upon the first appeal, which appellee contends is the law of the instant case, but which appellant contends was dictum.

In that case it was said: "It is true that where the husband has sold and conveyed with warranty of title a portion of his real estate, without the concurrence of his wife, and dies seized and possessed of other real estate, a court of equity will usually require the widow to accept an assignment of the whole of her dower out of the estate of which the husband died seized, and which was ultimately liable to sustain the whole charge of her dower right in lands conveyed with such warranty, provided such allotment can be made without injustice to the widow. Minor on Real Property, sec. 349; 19 C. J., p. 578; Graves Notes on Real Property, p. 550; *Harrington* v. *Harrington*, 142 N. C. 517, 55 S. E. 409, 9 Ann. Cas. 489; 2 Scribner on Dower (2d ed.), p. 106. There is no question about the correctness of the principle thus enunciated, but to this there is added: "We know of no reason why the same rule should not apply where the land is sold by the court, during coverture, to pay the husband's debts." If this latter expression was mere dictum, as appellee contends—that is, an expression of opinion not necessary to the decision of the question at issue—then it is not the law of this case, and the question is an open one as to whether it is a correct statement of the law.

[1] In *U. S.* v. *Wm. R. Trigg Co.*, 115 Va. 272, 78 S. E. 542, this court cited with approval from *Barney*

v. *Winona, etc., R. Co.,* 117 U. S. 228, 6 S. Ct. 654, 29 L. Ed. 858, the following: "What was decided in a case pending on the appeal is not open to reconsideration in the same case on a second appeal upon similar facts. The first decision is the law of the case and must control its disposition, but this rule does not apply to expressions of opinion on matters the disposition of which was not required for the decision, and certainly not to matters which were neither mentioned nor necessary to be considered."

[2] "*Dicta* are opinions of a judge which do not embody the resolution or determination of the court and, made without argument or full consideration of the point, are not the professed deliberate determinations of the judge himself   *   *.   *Obiter dicta* are such opinions uttered by the way, not upon the point or question pending,   *   * as if turning aside,   *   * from the main topic of the case to collateral subjects." *Rohrback* v. *Germanic & F. Ins. Co.,* 62 N. Y. 47, 20 Am. Rep. 451; *Newman* v. *Kay,* 57 W. Va. 112, 49 S. E. 931, 68 L. R. A. 908, 4 Ann. Cas. 39. See also *U. S.* v. *Clark,* 96 U. S. 211, 24 L. Ed. 628; *Griffith* v. *Woolford,* 100 Va. 477, 41 S. E. 949.

[3] The only question before this court on the original appeal was the one raised by the demurrer—that is, did the bill, filed by the widow, make out a *prima facie* case for the assignment of dower out of the lands described in the bill. The trial court held that it did not, and this court upon appeal held that it did, and that if the defendant wished exoneration of the land he should file a cross bill making the heirs and devisees of the husband defendants. Citing *Bragg* v. *Tinkling Land Co.,* 115 Va. 1, 78 S. E. 541.

This being true, it is clear that the expression "we know of no reason why the same rule should not apply

where the land is sold by the court during coverture to pay the husband's debts" was dictum, and is not controlling.

This being so, the question is, under the facts presented by the record, should the 201 acre tract be exonerated and the widow be required to accept dower out of real estate of which the husband died seized—that is, real estate in the hands of the heirs to the exclusion of the land sold for debts of the husband during his lifetime (the 201 acre tract).

[4] We take it that there is no question about the following legal propositions in Virginia. A widow is dowable in one-third of all the real estate whereof her husband, or any other to his use, was at any time during coverture seized of an estate of inheritance, unless her right of dower shall have been lawfully barred or relinquished. · Code 1919, sec. 5117.

[5] Under the common law, which obtains in Virginia, as to assignment of dower, a widow is entitled, at her election, to have dower assigned to her in each separate tract of land owned by her husband during coverture. *Richmond* v. *Harris*, 102 Ky. 389, 43 S. W. 703. It follows that unless there is some equitable reason for denying the widow the right to have dower assigned her out of this particular 201 acre tract, she is entitled to have it so assigned. The question for decision here, therefore, is, is there any equitable reason for denying the assignment of dower out of this tract of land as prayed for?

[6] While the common law rule is, as above stated, that the widow is entitled to be endowed in each separate tract owned by her husband during coverture, courts of equity have departed from this inflexible rule of the common law and have required widows to accept assignment of the whole of their dower out of

the estate of which their husbands died seized and which was ultimately liable to sustain the whole charge of the dower right in the lands conveyed with general warranty when an equitable allotment can be made in one or more parcels and the interest of the estate of the decedent required it to be done. *Richmond* v. *Harris, supra; Longshore* v. *Longshore*, 200 Ill. 470, 65 N. E. 1081; *Lavery* v. *Hutcheson,* 249 Ill. 86, 94 N. E. 6, Am. Cas. 1912A, 74; *Price* v. *Price*, 41 Hun. (N. Y.) 486; 19 C. J. 578; 9 R. C. L. sec. 50, p. 610; Scribner on Dower, 2nd ed. p. 106.

[7] It is obvious from a review of the authorities that the ground upon which equity departs from the common law rule is to prevent injustice to third parties if this can be done without injustice to the widow or to the decedent's estate. Practically all, if not quite all, the cases, where the lands of an alienee, subject to widow's dower, have been exonerated and the burden put upon lands of which the husband died seized, have been cases where the husband, during his lifetime, has conveyed the lands so exonerated with general warranty, without the joinder of the wife in the deed. In such a case, the heirs, because of the warranty, would have to make the warranty good, and in order to prevent a circuity of actions, equity puts the burden where it would ultimately fall. That is, in addition to protecting the widow's rights, there must be some obligation upon the estate to make good the title of a purchaser before the heirs can be charged with and the purchaser exonerated from dower.

In *Longshore* v. *Longshore, supra*, the court said: "A son who has accepted a warranty deed from his father conveying eighty acres in lieu of his expectancy as heir may by cross bill compel assignment of the widow's dower out of other lands of the estate upon the ground

that the heirs are bound by the covenants of warranty in their ancestor's deed." And in *Raynor* v. *Raynor*, 21 Hun. (N. Y.) 86, this appears: "The only effect of the sales upon her claim is that as the defendant conveyed with warranty, it will prevent circuity of action to allot her dower in the unsold portion of the premises if practicable."

It seems to follow that, in assigning dower, the first consideration of a court of equity, where the assignment is made therein, is to protect the rights of the widow. If full and complete justice can be done to the widow by allotment of her whole dower out of lands of which her husband died seized, then, to prevent injustice to purchasers, who hold title under warranty deeds from the husband, and to avoid a circuity and expense of actions or suits which such purchasers would be forced to institute against the heirs on broken covenants of warranty, then the court will require the widow to accept such allotment. *Richmond* v. *Harris, supra.*

[8, 9] The respondent seeks to extend the rule of equitable exoneration, where the husband dies possessed of sufficient real estate to fully endow his widow, to lands owned by the husband during coverture and sold during his lifetime at judicial sale to satisfy his debts. He rests this contention upon the grounds that it would be an injustice to the purchaser not to exonerate the lands he purchased at such sale. We can see no reason in law or equity for the application of the rule in such a case. The reason is apparent in the case of a conveyance by the husband with general warranty. In such a case the whole estate of the husband is bound to make the covenant of warranty good, the estate would be presumed to have received full value for the lands, and certainly, in such a case,

the rights of such a purchaser are superior to the rights of heirs at law or devisees, not only because the estate has received the full value of the lands sold, but especially because, if the purchaser is divested of any part of his title, the heirs, under the warranty, must make the title good.

On the other hand, the purchaser, at a judicial sale of lands subject to contingent dower, takes title not only subject to the inchoate interest of the wife (*Frain* v. *Burgett*, 152 Ind. 55, 50 N. E. 873, 52 N. E. 395), but he takes with no obligation on the part of heirs to make good a warranty. It is conclusively presumed that he paid a price in keeping with the title he purchased. Such a sale imports no covenants on the part of the former owner or his heirs, and there are no implied warranties with respect to such property. 35 C. J. sec. 117, p. 74, and cases cited notes 62 and 63. "There is no warranty, in law, for there is no one to fall back on." Rorer on Judicial Sales (2d ed.), sec. 528. *Horner* v. *Continental Trust, etc.*, 198 Fed. 832, 834, 117 C. C. A. 474, 476.

How then are the purchaser's rights in any way superior to the rights of the heirs, and upon what principles of reason or equity can the heirs be called upon to *enlarge* the estate he purchased at the sale? We see none. If the heirs cannot be made to contribute to this end by suit or action at law, upon what principle would a court of equity place the burden upon them. Such a purchaser has no claim upon the heirs, and has no rights to protect as against the heirs. Exoneration of his land could not, therefore, be put upon the ground of preventing an injustice to him as he has all he purchased with no obligation upon anyone to give him more, nor could it be put upon the ground of preventing a multiplicity of actions, since he has no right of action against the heirs or anyone else.

*Sip* v. *Lawback*, 17 N. J. L., 442, is a case in point so far as the rights of a purchaser who takes title without warranty of the husband on the one hand and the heirs on the other. An administrator sold part of the deceased husband's lands and conveyed them to a purchaser, the widow not joining in the deed. The court held that the widow was entitled to dower in the land and the alienee was not entitled to exoneration, and added: "The defendant set up three several grounds of defense, viz.: First, that the premises in possession of defendant (alienee) was only a small part of the land whereof the demandant's husband died seized; and that she ought to take her dower, entire, out of the whole plantation in possession of the heirs; and not in parcels by suit against him and others who may have purchased parts of the land. This ground was properly overruled by the judge, and is so utterly untenable that it is needless to spend words about it. If the jury were influenced in rendering their verdict by any such argument, it was a verdict against law, and must be set aside."

In the instant case it is clear that the court below, as indicated by the opinion, made a part of the record, took the view of the case herein expressed, but following the dictum referred to above entered the decree complained of. This decree in our opinion should be reversed and the cause remanded to the Circuit Court of Smyth county to be proceeded in as indicated herein.

*Reversed and remanded.*